Jim PLEDGER, Director, Dep't of Finance & Admin.
*v.* THE GRAPEVINE, INC., d/b/a V.I.P. Club, et al.

89-317                                   786 S.W.2d 825

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*John H. Theis, Philip Raia, Robert L. Jones, Rick Pruett, Cora L. Gentry, David B. Kaufman, Malcolm P. Bobo,* and *Beth B. Carson,* by: *William E. Keadle,* for appellant.

*Murphy and Carlisle,* by: *Marshall N. Carlisle,* for appellee.

STEELE HAYS, Justice. The Commissioner of Revenues has appealed from an adverse decision in this tax protest case. The only question on review is whether the chancellor properly interpreted a provision of the gross receipts tax statute.

The appellees are Arkansas corporations engaged in operating private clubs which sell alcoholic beverages for on-premises consumption by their members. The appellant, Commissioner of Revenues, conducted audits of the records of appellees resulting in assessments of gross receipts tax, penalties, and interest, part of which were accepted and part disputed.

The appellees challenged that portion of the assessments on the charges for membership dues paid to them by members of the clubs. They argued that under Ark. Code Ann. § 26-52-301(5) (1987) of the gross receipts taxing statute, such membership dues are not taxable. The assessments were upheld at administrative hearings, but on appeal to the chancery court the chancellor entered judgment reversing and dismissing the assessments imposed under the disputed provision. From that judgment, appellant brings this appeal.

Two statutes were considered by the chancellor in making his determination, both originally from the same act, Act 386 of 1941. The taxing provision in question is Ark. Code Ann. § 26-52-301(5) (1987) which provides:

§ 26-52-301. Tax levied.

There is levied an excise tax of three percent (3%) upon the gross proceeds or gross receipts derived from all sales to any person of the following:

\* \* \* \* \*

(5) Tickets or admissions to places of amusement; to athletic, entertainment, or recreational events; or fees for the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities including free or complimentary passes and tickets, admissions, dues, or fees, with such free or complimentary passes, tickets, dues, or fees being declared to have a value equivalent to the sale price of tickets, passes, admissions, fees, or dues of like kind or character.

The other provision is Ark. Code Ann. § 26-52-103(a)(3)(D) (1987), which defines words used in the act, and which the appellant contends must be read with the previous statute:

§ 26-52-103. Definitions.

(a) The following words and phrases, except where the context clearly indicates a different meaning when used in this act, shall have the following meanings:

\* \* \* \*

(D) "Sale" shall include also the sale, giving away, exchanging, or other disposition of admission, dues, or fees to clubs, to places of amusement, recreational or athletic events, or for the privilege of having access to or the use of amusement, athletic, or entertainment facilities.

Appellant argues that the definition of a "sale," as provided in § 26-52-103, must be read in conjunction with the levying section of § 26-52-301(5), so as to include the phrase "sale of . . . dues or fees to clubs . . ." in the latter, and alternatively, that a literal reading of the latter statute would lead to absurd consequences.

The trial court relied on *Heath v. El Dorado Golf and Country Club*, 254 Ark. 664, 528 S.W.2d 394 (1975), which addressed the same issue and found it controlling in this case. In *Heath*, the issue involved the taxation of the country club's membership dues under the same provision we are now considering. The *Heath* court found that membership dues were not included, relying on three bases for its holding.

It first noted that this same statute was considered in an analogous situation in *Cheney, Commr. v. Tolliver*, 234 Ark. 973, 356 S.W.2d 636 (1962), where the court held the failure to specifically mention the taxable item in question was controlling. That omission was also noted in *Heath*, i.e., there was no express mention of paid dues, only "complimentary dues." *Heath* then noted what it considered the cardinal rule in construing taxing legislation:

It is the general rule that a tax cannot be imposed except by express words indicating that purpose. The intention of the legislature is to be gathered from a consideration of the entire act, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer, and against the taxing power. Citing from *Jefferson Coop Gin v. Milam*, 255 Ark.

479, 500 S.W.2d 932 (1973).

The court noted too, that while the act defines a "sale" as including "dues or fees to clubs," that term is missing from the tax levying section, that this absence was noted in *Tolliver*, and had the legislature intended to impose the tax on club membership or dues, it could easily have done so during the numerous legislative sessions since the deficiency was first noted in *Tolliver*.

The trial court also responded to appellant's argument that there is a distinction between country clubs and private clubs. One of the Commissioner's employees had first testified that the state did not tax country clubs' membership dues, pursuant to the holding in *Heath*, but did tax private clubs like the appellees, upon the advice of their legal department that in a country club one buys a membership, which entails voting rights and that memberships were transferable. However, the appellees introduced evidence of the private clubs' by-laws which gave each member voting rights and some voice in the clubs' operations.

Because of the "detailed voting rights and rights of control over [the clubs] operation" the trial court could find no legitimate distinction between country clubs and the private clubs in this case. The trial court acknowledged the Commissioner's contention that the members in the private clubs may not exercise their rights or participate in membership activities, but saw that as irrelevant and determined that the rights that were subject to exercise by the members was a better yardstick for comparison.

■ We agree with the chancellor's opinion and find further support for our holding by noting the same point made in *Heath*, that the legislature has still chosen to take no action on the failure to include taxes on "dues or fees for clubs," in the levying section of 26-52-301(5). Since that point was made in *Heath*, the legislature has met several times and has made no move to alter that provision. The legislature has in fact amended other portions of that same act, yet nothing was changed under the section in question. *See Merchants Transfer & Warehouse Co.* v. *Gates*, 180 Ark. 96, 21 S.W.2d 406 (1929); *Texarkana Special School Dist.* v. *Consolidated School Dist. No. 2*, 185 Ark. 213, 46 S.W.2d 631 (1929); *Terral* v. *Terral*, 212 Ark. 221, 205 S.W.2d 198 (1947); *Lumberman's Mutual Cas. Co.* v. *Moses*, 224 Ark. 67, 271 S.W.2d 780 (1954); *Shivers* v. *Moon Distributers*, 223

Ark. 371, 265 S.W.2d 947 (1954).

Appellant also argues that the interpretation given by *Heath* and the court below leads to an unreasonable reading of the statute, for it is argued, if read literally, the statute would tax complimentary dues, but not dues which are paid. However, § 26-52-301(5) has omitted not only paid dues (as opposed to paid fees) from its levying section, nor is that the question before us. Rather, we are considering dues or fees for *membership in clubs*.

■ The statute enumerates several activities for which fees and tickets are sold, but does not include in that enumeration *clubs* or *memberships to clubs*, whether by admission, tickets, passes, dues or fees. Given the cardinal rule in construing taxing statutes, cited in *Heath*, and the fundamental construction principal that the express designation of one thing may properly be construed to mean the exclusion of another, *Chem-Ash Inc.* v. *Arkansas Power & Light*, 296 Ark. 83, 751 S.W.2d 353 (1988), and the legislature's subsequent inaction, we conclude that this category was not intended to be included in the levying section. That being so, the contention as to paid, versus complimentary dues for club memberships is moot.

Affirmed.