ARKANSAS STATE BANKING DEPARTMENT; Bob Willett; Robert Hill; Gary D. Reinboth; Douglas Simmons; Larry G. Nelson and T. E. Patterson, as Members of the Arkansas State Banking Board; and Bill J. Ford as Commissioner of the Arkansas State Bank Department *v.* ARKANSAS LEAGUE OF SAVINGS INSTITUTIONS, INC; Paul Johnson, Individually as an Arkansas Taxpayer; and Pocohontas Federal Savings & Loan Association

91-227                                                     821 S.W.2d 472

Supreme Court of Arkansas
Opinion delivered December 23, 1991

*Winston Bryant*, Att'y Gen., *Thomas S. Gay, Senior*, Asst. Att'y Gen., for appellants.

*McHenry, Choate & Mitchell*, by: *David S. Mitchell*, for appellees.

TOM GLAZE, Justice. This appeal involves the question of whether Arkansas savings and loans should not be eligible as depositories for public funds under Act 21 of 1935. Act 21 requires the State Bank Commissioner to furnish a list of "banks or banking institutions" insured by the Federal Deposit Insurance Corporation (FDIC). The Act further provided that public funds can only be deposited in the banks appearing on this list. The Bank Department promulgated Regulation XI, paragraph twenty-four, that provides only FDIC banks are eligible to receive public funds.

In the 1980's, amendments to federal banking laws empowered the savings and loans to perform most, if not all, of the traditional banking services. As a part of these changes, the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) was enacted. FIRREA removed the savings and loans' insurance from the Federal Savings and Loan Insurance Corporation (FSLIC) and placed the savings and loans under FDIC. The FDIC is composed of two separately administered

funds, the Savings Association Insurance Fund (SAIF) and the Banking Insurance Fund (BIF).

Based on these federal law changes, the Arkansas League of Savings Institutions and other interested parties, appellees, filed an action seeking a declaratory judgment that savings and loans are "banking institutions" and FDIC insured under Act 21 and thus eligible to receive public funds deposits. The trial court held for the appellees, and the appellants, Arkansas State Banking Board and other interested parties, appeal.

The provision in question in this appeal provides in pertinent · part as follows:

> Annually on December 1 the Bank Commissioner shall furnish to the governing board of each city . . . a list of all the banks or banking institutions doing business in this state which are members of the Federal Deposit Insurance Corporation. The commissioner shall recommend the maximum amount of deposit of public funds each bank shall be allowed to receive. None of these public funds shall be deposited in any bank other than those contained in the list.

Section 1 of Act 21 of 1935, as codified in Ark. Code Ann. § 19-8-105(a).

The parties all agree that in 1935 when this provision was passed, savings and loans were in existence, but they did not have the traditional powers of banking. Thus, there is no question that savings and loans were recognized as being different than banks in 1935 and thus were treated differently.

As already mentioned, savings and loans became FDIC insured and acquired traditional powers of banks by way of changes in federal laws in the 1980's. Appellants, however, suggest that important distinctions still exist between the two. For instance, savings and loans are organized and regulated differently than and separately from banks. In addition, savings and loans have a primary different purpose than banks, *viz.*, they are the nation's foremost source of financing for housing. And, while savings and loans are insured under the administrative umbrella of the FDIC, they are still insured by a separate fund, SAIF. This being true, the appellants argue that the SAIF fund is

the same type of insurance pool as FSLIC, which insured savings and loans in 1935 and was excluded under Act 21.

The trial court apparently found the above distinctions to be insignificant under Act 21. In ruling that savings and loans now meet the requirements under Act 21, the trial judge made a contemporaneous interpretation of the 1935 Act. The appellants argue that this was erroneous, and we must agree.

This court has stated that the meaning of a written word in a statute must be limited to its meaning as of the date it was employed or used. *Schuman* v. *Certain Lands*, 223 Ark. 85, 264 S.W.2d 413 (1954). At the time Act 21 was enacted in 1935, savings and loans were clearly excluded. This is not the case where savings and loans have come into being since legislation has been passed, and the general language in the legislation could be interpreted to include them. *See generally* N. Singer, *Sutherland Statutory Construction* §§ 49.01—49.11 (1984).

In so stating, we note the appellees' argument that the use of "banking institutions" in Act 21 is rendered useless. However, when Act 21 was enacted, this term apparently included institutions such as trust companies, savings banks and industrial loan institutions which were under the State Bank Commissioner's jurisdiction. Regardless, since savings and loans were clearly excluded, we know the 1935 Legislature did not include savings and loans as banking institutions.

We also believe it is significant that, since the 1980's, the General Assembly has either failed or refused to amend Act 21 of 1935 so as to include savings and loans as public funds depositories. In fact, the president of the Arkansas League of Savings Institutions testified that two different efforts have been made to amend Act 21 to include savings and loans and each met with no success. Thus, the General Assembly has met several times and has made no move to change Act 21, which is a further indicator that savings and loans are considered to be different from banks for the purposes of deposits of public funds. *See Pledger* v. *The Grapevine, Inc.*, 302 Ark. 18, 786 S.W.2d 825 (1990).

In sum, while it is true that savings and loans now more closely resemble banks, valid distinctions between the two still remain. The General Assembly enacted Act 21, which effectively

excluded savings and loans from its provisions, and that body, as a matter of public policy, must decide whether savings and loans should now be included. In so deciding, we must reverse the trial court's declaratory judgment.

HAYS, J., not participating.