Mr. Bill J. Ford, Commissioner Arkansas State Bank Department 323 Center Street, Suite 500 Little Rock, Arkansas 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on an issue which has arisen in light of the decision in Arkansas StateBanking Department v. Arkansas League of Savings Institutions,307 Ark. 474, 821 S.W.2d 472 (1991). You note that the State Bank Commissioner is required annually to furnish a list of FDIC insured "banks or banking institutions" which are eligible to serve as public fund depositories. See A.C.A. § 19-8-105. Your question is whether an Arkansas state chartered bank which is insured either partially or wholly by the Savings Association Insurance Fund ("SAIF") of the FDIC may be included on the list as an eligible public fund depository in accordance with A.C.A. §19-8-105 and the decision in Arkansas League of SavingsInstitutions, supra.
The relevant Arkansas statute provides in pertinent part as follows:
 Annually, on December 1, the Bank Commissioner shall furnish to the governing board of each city, or town officer, and the county board of each county, and also any officer of any improvement district or any other political subdivison, having the supervision of public funds or funds belonging to the state or any political subdivision a list of all the banks or banking institutions doing business in this state which are members of the Federal Deposit Insurance Corporation. . . . None of these public funds shall be deposited in any bank other than those contained in the list. [Emphasis added.]
Since the enactment of the federal Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), savings and loan associations are no longer insured by the Federal Savings and Loan Insurance Corporation ("FSLIC"), but are now insured by the FDIC. The FDIC insures banks and savings and loans through the operation of two separately administered funds — the Bank Insurance Fund ("BIF"), and the Savings Association Insurance Fund ("SAIF"). See 12 U.S.C. 1821(a)(4). Savings and loans which became "SAIF" fund members upon enactment of FIRREA (see12 U.S.C. 1817 l(2) and (3)(b)), and which are thereafter converted into banks, remain "SAIF" fund members. Id. See also12 U.S.C. 1813 (a)(1)(B), and 12 U.S.C. § 1815(d)(2)(G). It it this fact which gives rise to your question.[1]
Former savings and loans which have converted into banks and acquired state bank charters, even though insured through the "SAIF" fund, are unquestionably banks under both state and federal law. See 12 U.S.C. 1813(a)(1). They are thus "banks or banking institutions" for purposes of A.C.A. § 19-8-105. The more difficult question is whether they are "members of the Federal Deposit Insurance Corporation" for purposes of that statute. They are referred to in federal legislation as "SAIF Fund members."See, e.g., 12 U.S.C. 1813(a) and 12 U.S.C. 1817(b)(1)(D). Additionally, such banks are authorized to use advertising statements to the effect that they are a "Member FDIC." See12 U.S.C. 1828(a)(2); 12 U.S.C. § 1813(h); and 12 C.F.R. § 328.3(b). The plain language of the statute, therefore, would appear to include these "banks" which are "members of the Federal Deposit Insurance Corporation."
A question may arise, however, as to whether A.C.A. § 19-8-105
was intended to apply to banks which are FDIC insured under the "SAIF" fund. This fund was not in existence at the time of the enactment of the statute. There was at that time only one type of FDIC insured member. It is at this point in our analysis where the Arkansas League of Savings Institutions decision becomes relevant.
The decision in Arkansas League of Savings Institutions held that savings and loan institutions, although now invested with many of the same powers of banks, and although now FDIC insured, are not eligible public fund depositories because A.C.A. §19-8-105 limits such depositories to "banks or banking institutions." The court held that at the time this statute was enacted it was clearly intended to exclude savings and loan institutions, and any change in this intent would have to be accomplished by legislative enactment, an action which the legislature had, on at least two occasions, declined to take. There was some discussion in the court's opinion as to the remaining differences between savings and loan institutions and banks, one of these being the way in which they are insured by FDIC; i.e., that the former are "SAIF" fund members and the latter "BIF" fund members.
The primary justification for the court's refusal to apply the statute to savings and loans, however, was not that they were insured differently by the FDIC, but was rather because they were not banks. The court held that the statute authorized only banks to serve as public fund depositories and held irrelevant the fact that savings and loan associations had changed dramatically since the passage of the statute, stating:
 This court has stated that the meaning of a written word in a statute must be limited to its meaning as of the date it was employed or used. [Citation omitted.] At the time [19-8-105] was enacted in 1935, savings and loans were clearly excluded. This is not the case where savings and loans have come into being since legislation has been passed, and the general language in the legislation could be interpreted to include them. . . . [Citation omitted.]
307 Ark. at 477.
It could be argued that the phrase "member of the [FDIC]" as used in A.C.A. 19-8-105, has reference only to the type of member of the FDIC which existed in 1935. If the written words "member of the FDIC" are given the meaning they had in 1935, "SAIF" fund FDIC members would not be included. It is my opinion, however, under the court's language above, that this is a case where FDIC "SAIF" insured banks have come into existence since the passage of this statute, and the general language of the statute can be interpreted to include them. Clearly, they are "banks" for purposes of the statute, and clearly, as set out above, they are "members" of the FDIC, although they are a type of member which was unknown at the time of enactment of the statute.
It is therefore my opinion, under A.C.A. § 19-8-105 and the decision in Arkansas League of Savings Institutions, that Arkansas state chartered banks which are either partially or wholly insured by the "SAIF" Fund of the FDIC may be included on the list of eligible public fund depositories.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] These types of banks would presumably be wholly insured by "SAIF." Your question also references banks, the deposits of which are only partially insured by "SAIF." It is my understanding that this situation arises by reason of certain mergers and acquisitions under the new federal law. Seegenerally U.S.C. § 1815. The factors giving rise to such partial insurance by "SAIF" are not relevant for purposes of this opinion. Suffice it to say that if the resulting institutions are "banks" and "members of the FDIC" for purposes of § 19-8-105, the analysis of the opinion applies equally to them.