Timothy J. LEATHERS, Commissioner of Revenue,
Arkansas Department of Finance and Administration
*v.* ACTIVE REALTY, INC.

93-1359                                             876 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Mark Alan Mayfield*, for appellant.

*Bryan J. Reiss* and *Charles R. Zierke*, for appellee.

DONALD L. CORBIN, Justice. Appellant, the Arkansas Department of Finance and Administration, appeals a Garland Chancery Court decision which found appellee, Active Realty, Inc., exempt from the Arkansas gross receipts tax as imposed by Ark. Code Ann. § 26-52-301(3)(B) (Supp. 1993). That portion of the statute provides:

> There is levied an excise tax of three percent (3%) upon the gross proceeds or gross receipts derived from all sales to any person of the following:
>
> . . . .
>
> Service of furnishing rooms by hotels, apartment hotels, lodging houses, and tourist camps or courts to transient guests; the term "transient guests" being defined for the purpose hereof as those who rent accommodations other than their regular place of abode on less than a month-to-month basis[.]

We have jurisdiction of this appeal as it requires the interpretation of this statute. Ark. Sup. Ct. R. 1-2(a)(3).

Appellee is in the business of managing rental properties and selling residential properties in Hot Springs Village, Arkansas. Appellee does not own the residential houses and townhouses it rents, though it receives a fee for handling the rentals for the owners of the dwellings. Appellee provides linens and cleaning service once per week. Renters are given a map and key to locate the unit in which they stay. In 1983, appellee was informed via an opinion letter from appellant that its rentals to transient guests for weekly or nightly stays were not taxable under the tourism gross receipts tax statute, Ark. Code Ann. § 26-52-1002 (Repl. 1992), since it was not an entity included in the statutory language. That statute states in pertinent part:

> In addition to all other taxes, there is levied an excise tax of two percent (2%) on the gross proceeds or gross receipts derived from the sale or rental of the following:
>
> (1)(A)(i) The service of furnishing condominiums to transient guests.
>
> (ii) The service of furnishing guest rooms by

hotels, motels, lodging houses, and tourist camps or courts to transient guests.

    (B) The term "transient guests" being defined for the purpose of this subdivision as those who rent accommodations, other than their regular place of abode, on less than a month-to-month basis[.]

This tourism gross receipts tax includes the same entities and uses nearly the same wording as the more recent gross receipts tax to which appellee was informed to be subject, except that the tourism gross receipts tax is also placed on the service of providing condominium rentals. Appellee rents no condominiums.

    Subsequently in 1990, appellant notified appellee that it would be responsible for collecting gross receipts tax as set forth in section 26-52-301(3)(B). Appellee paid these taxes under protest and appealed under the Arkansas Tax Procedure Act. The administrative ruling required appellee to pay the taxes. Appellee then appealed to the Garland Chancery Court which held in its favor, and appellant appealed to this court. We review chancery decisions *de novo*, but we will not reverse the findings of fact unless clearly erroneous. *Leathers* v. *A&B Dirt Movers, Inc.*, 311 Ark. 320, 844 S.W.2d 314 (1992).

    We first note the cardinal rule in construing tax legislation: a tax cannot be imposed except by express words indicating that purpose, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer. *Pledger* v. *The Grapevine, Inc.*, 302 Ark. 18, 786 S.W.2d 825 (1990). The agency claiming a right to tax has the burden of proving that the tax law applies to the item sought to be taxed. *A&B Dirt Movers*, 311 Ark. 320, 844 S.W.2d 314. Another rule of tax law construction is that express designation of one thing may properly be understood to exclude another. *Id.*

    In the instant case, the chancellor noted that the "service" taxed is subject to taxation only with respect to services rendered by certain entities listed in the statute. These entities are outlined in the statute, and rental houses and townhouses fall outside those enumerated. We cannot say this finding is clearly erroneous. Appellant argues for a more expansive definition of the terms "hotels, apartment hotels, lodging houses, and tourist

camps or courts" to include appellee, focusing on the function that the entities provide. We find appellant's arguments unpersuasive for the reason that there would be no reasonable purpose behind listing entities to which this tax applies unless it is limited to those enumerated.

In further support of our holding, neither the gross receipts tax statute nor the tourism tax statute has been amended to include the type of business such as appellee's. Had the legislature intended to impose a tax on entities such as appellee, it could have easily done so during the legislative sessions since either statute's inception. *Grapevine*, 302 Ark. 18, 786 S.W.2d 825. It has not, and this necessarily means that entities not described in the statute are not included in the services taxable under section 26-52-301(3)(B). We must emphasize that our holding is limited to this specific determination of the chancellor with regard to appellee, Active Realty, Inc., in appellee's business of renting and managing privately owned houses and townhouses for individual owners.

Appellant lastly argues that the chancellor unfairly relied on the 1983 opinion letter which stated appellee was not subject to the tax in order to find ambiguity in the statute. However, both parties agree that the statutory language, as opposed to the agency interpretation, is controlling when a tax statute is requested to be interpreted by this court. We cannot reverse the chancellor's findings unless it was clearly erroneous to find that appellee did not fall within the listed entities. Based upon the foregoing, we cannot say the findings were clearly erroneous.

Affirmed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. Arkansas Code Ann. § 26-52-301 (Repl. 1992) levies a gross receipts tax on the service of furnishing rooms by hotels, apartment hotels, lodging houses and tourist camps or courts to transient guests ("those who rent accommodations other than their regular place of abode on less than a month to month basis"). Ark. Code Ann. § 26-52-1002 (Repl. 1992) levies an additional tax for purposes of tourism on the same enterprises, adding motels and condominiums.

I believe the taxes levied by these statutes are imposed on the *services* furnished by the named enterprises. The rental management of privately owned furnished condominiums in recreational and resort areas for short term usage is a familiar device. These properties are not condominiums, but it is not their legal or physical makeup that here concerns us, but the working arrangement by which revenues subject to taxation are generated. In that sense, there is not the slightest difference between the services furnished by the appellee and those provided in the rental of resort area condominiums generally.

Nor can I agree that the language used in these statutes is not intended to include this operation. Accommodations are furnished to transient guests on short term rentals of less than thirty days whose regular abode is elsewhere. They are, in short, tourists, the precise object at which this tax is aimed. This enterprise may not fit the common understanding of hotels or tourist courts, but that cannot be said of the term 'lodging house.' These properties are rented as a unit, fully appointed and furnished in detail, without meals. Maid service is included and the arrangements are negotiated on the basis of a specific contract. These are the defining characteristics of a lodging house as distinguished from hotels and motels. *Fox* v. *Windemere Hotel Apartment Co.*, 157 P. 820 (Cal. Ct. App. 1916) ("A lodging house is nonetheless such because it contains furnished apartments that are let by the week or the month") *Huntley* v. *Stanchfield*, 169 N.W. 276 (Wis. 1918) ("A lodging housekeeper is one who deals specifically with his customers by personal contracts for the nature of the accommodation, the duration of the stay and exercising the right to reject applicants at his pleasure"); *Selvetti* v. *Building Inspector for Revere*, 233 N.W.2d 915 (Mass. 1968) ("A house in which lodgings are let, especially a house other than an inn or motel"); *Hall* v. *Zoning Board*, 549 N.E.2d 433 (Mass. App. Ct. 1990) ("Lodging houses — where tenants enter into an agreement with others under which temporary living space is provided in exchange for compensation"); *Kelly* v. *Excise Commissioners*, 54 How. Pr. (N.Y.) 327 (1877)("A lodging house is distinguishable from an inn or hotel in that the latter furnish meals").