The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District Benton County Courthouse 100 Northeast "A" Street Bentonville, AR 72712
Dear Mr. Butler:
This is in response to your request for an opinion regarding the use of tax proceeds derived from a particular sales and use tax levied in Benton County, Arkansas, under the authority of A.C.A. § 14-164-340 (Supp. 1995). This Code section authorizes so-called "pay-as-you-go" financing of capital improvements for criminal justice purposes. See A.C.A. §14-164-304(a). According to the official ballot attached to your request, the tax proposal in question was for the purpose of funding "all or part of the costs of the Construction of a new county jail and Sheriff's Department, including parking, building equipment, and expenses in connection therewith." "Official Absentee Ballot" (July 18, 1995). The proposition to be voted on in the ballot stated "FOR" and "AGAINST":
 the adoption of a One-Half of One Percent (0.5%) Sales and Use Tax for a Period of Thirty-Six (36) Months, within Benton County, to pay for all or part of the Construction of a new county jail and Sheriff's Department, including parking, building equipment, and related facilities.
Your specific questions in this regard are as follows:
 1. Can the sales and use tax proceeds be used to purchase computers and printers for the Sheriff's Department staff and laptop computers for the Sheriff's Department deputies to use in their patrol cars?
 2. Can the sales and use tax proceeds be used to purchase furniture (desks, chairs, etc.) for the Sheriff's Department?
It must be initially noted in addressing these questions that the answers ultimately turn on the intent of the local officials involved and the intent of the local electorate. This will, moreover, likely require factual determinations that are outside the ordinary scope of an Attorney General opinion. I lack both the resources and the authority to undertake the necessary review in construing such local provisions to determine local legislative intent.
While I am thus not in a position to offer any conclusive resolution of the matter, I will set forth what I believe are the guiding legal principles in an effort to assist the factual analysis.
As is suggested in your request for an opinion on this matter, these questions implicate the fundamental constitutional precept that monies arising from a tax levied for one purpose cannot lawfully be diverted to another. See Ark. Const. art. 16, § 11. In determining the purpose of the tax, the Arkansas Supreme Court has indicated that it will consider the ordinance calling for an election on the tax, the notice of the election, and the proposition to be voted on in the ballot.Arkansas-Missouri Power Corp. v. City of Rector, 214 Ark. 649, 654,217 S.W.2d 335 (1949). According to the court, however, the ballot title is the "final word of information and warning to which the electors had the right to look as to just what authority they were asked to confer. . . ."Id. The "implication and ordinary meaning" of the ballot title will, generally, be controlling. Id.
Regarding the particular ballot title at hand, the difficulty in determining its "ordinary meaning" arises, in my view, from the inclusion of the enumerated items, i.e., "parking, building equipment, and expenses in connection therewith." Reference should also be made in this regard to the proposition to be voted on, which mentions "parking, building equipment, and related facilities." See also Benton County EmergencyOrdinance No. 95-22 (approved May 15, 1995) (calling a special election on the sales and use tax). The election ordinance, the ballot title, and the proposition voted on at the election are thus all similar in including this language, and the question arises whether this should be construed as limiting in some way the usage of the funds. Ordinarily, the word "including" is not viewed as implying exclusion of items not specifically enumerated. See generally Op. Att'y Gen. 92-347. But it has also been stated that the term is ambiguous, and that its meaning may vary according to the context. Id. (citations omitted). Additionally, it has been held that in the interpretation of tax legislation, "the express designation of one thing may properly be understood to exclude another."Leathers v. Active Realty, Inc., 317 Ark. 214, 216, 876 S.W.2d 583
(1994).
Reference to the authorizing legislation in this instance makes it clear that the authorized uses of the tax include "any furnishings, machinery, vehicles, apparatus, or equipment. . . ." A.C.A. § 14-164-340(b). The use of sales tax revenues to furnish and equip the constructed facilities would thus clearly be authorized, if this was in fact the intent of the local electorate. The stated intent is, however, in my opinion, ambiguous in this instance. My research indicates that a court may, under these circumstances, resort to extrinsic evidence in order to ascertain the voters' intent. See, e.g., Arkansas State Highway Commission v. Mabry,229 Ark. 261, 315 S.W.2d 900 (1958). A court might look at such factors as evidence of the historical context of the measure, contemporaneous conditions at the time of its enactment, consequences of interpretation, and other matters of common knowledge within the limits of its jurisdiction in order to determine whether the voters intended to approve use of the sales tax revenues for equipment and furnishings such as computers and furniture. See generally Mears v. Arkansas StateHospital, 265 Ark. 844, 581 S.W.2d 339 (1979).
It is apparent from your correspondence, and from additional information that was submitted in connection with your request, that your questions are ultimately factual ones, to be resolved based upon appropriate evidence of the voters' intent. This may require factfinding by a court if the matter cannot be resolved locally. While I am unable, as noted above, to resolve the factual dispute, the foregoing is intended to outline the legal framework for the factual analysis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh