## RUSSELLVILLE POLICE PENSION and RETIREMENT BOARD *v.* Don JOHNSON, in his Official Capacity as Pope County Clerk and Rita Chandler, in her Official Capacity as Pope County Collector

05-631                                                      225 S.W.3d 357

Supreme Court of Arkansas
Opinion delivered January 26, 2006

*Cazort Law Firm*, by: *Brad A. Cazort*, for appellant.

*James V. Coutts*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This case is an appeal by Appellant Russellville Police Pension and Retirement Board from the circuit court's order denying its petition for a writ of mandamus against Appellee Don Johnson, in his official capacity as Pope County Clerk, and Appellee Rita Chandler, in her official capacity as Pope County Collector. The circuit court refused to require that Appellees levy and collect a four-tenths (.4) millage *ad valorem* property tax set forth in a resolution passed by the Russellville City Council. In denying the relief requested by the appellant, the court concluded that the resolution was not a valid enactment under article 5, section 1 of the Arkansas Constitution and that any actions by city officials after the deadline specified in Ark. Code Ann. §§ 14-14-904(b)(1) (Supp. 2005), 26-73-202 (Repl. 1997), were void and of no effect. We affirm for the reasons set forth herein.

On September 6, 2004, the Russellville City Council passed Resolution 870 that provided for a levy of an *ad valorem* tax on all real and personal property located within the Russellville city limits. The assessed levy was two (2.0) mills for all city purposes and four tenths (.4) of a mill for the Police Retirement and Relief Fund and four tenths (.4) of a mill for the Firemen's Retirement and Relief Fund. Resolution 870 also repealed Resolution 842, dated October 16, 2003, that provided for a millage levy of four tenths (.4) for each of the Police and Firemen's Retirement Funds. According to the Pope County Clerk, Resolution 870 was filed with his office in October of 2004. Shortly thereafter, electors circulated a referendum petition to place Resolution 870 on a special-election ballot. On October 28, 2004, the city clerk certified the sufficiency of the signatures on the petition, and on November 30, 2004, the voters of Russellville defeated the resolution in a special election. The vote was certified on December 2, 2004.

On December 16, 2004, the Russellville City Council passed Resolution 875, which provided for a four-tenths (.4) millage for each of the Police and Firemen's Retirement Funds. Resolution 875 also repealed Resolution 870. Resolution 875 did not set a millage for all city purposes. Russellville city officials faxed a copy of Resolution 875 to Pope County officials, but on December 17, 2004, the Pope County Quorum Court refused to accept the resolution and declined to place the millage in the Pope County Millage Ordinance. The Russellville City Council met again in a special session on December 21, 2004, reenacted the resolution and delivered a copy to the Pope County Clerk, but the clerk failed to take any action.

On January 25, 2005, the Russellville Police Pension and Relief Board filed suit[1], seeking a declaratory judgment that Resolution 875 was a valid legislative enactment of the Russellville City Council and a writ of mandamus directing the Pope County Clerk and the Pope County Collector to place the assessment on the county tax books, collect the levy and remit the proceeds to the Russellville Police Retirement and Relief Fund or to the city of Russellville. At the hearing, the appellees characterized Resolution 875 as an enactment on the exact same subject matter as Resolution 870. Thus, according to their argument, the enactment of Resolution 875 constituted an invalid attempt to override the will of the voters at the special election on November 30, 2004. Moreover, the appellees contended that the resolution was not timely certified to the county clerk before the regular November meeting of the quorum court. The appellant responded, asserting that Resolution 875 was new and separate legislation from Resolution 870, and that an extension granted to the Pope County Quorum Court by the Director of the Assessment Coordination Department, which extended the time for the county to levy taxes, also extended the time for the city to certify a millage rate to the county. Finally, the appellant suggested that, if the court determined the resolution to be a valid enactment, the court should determine whether the failure of the Firemen's Pension and Retirement Board to seek relief constituted a waiver of its claim to

---

[1] The complaint was originally filed against Jim Ed Gibson, in his official capacity as Pope County Judge, Don Johnson, in his official capacity as Pope County Clerk, Karen Martin, in her official capacity as Pope County Assessor, and Rita Chandler, in her official capacity as Pope County Collector. Gibson and Martin were eventually dismissed from the suit.

the millage levied on its behalf. If not, the appellant requested that attorney's fees be imposed on the Firemen's Pension and Retirement Board.

After a hearing, the circuit court ruled that Resolution 875 was void and of no effect for failure to comply with the requirements of Arkansas law and article 5, section 1 of the Arkansas Constitution. The court further ruled that the deadline for certification of a millage to the county clerk was on or before the day of the regular meeting of the quorum court in November, and that any extension of time for levying taxes granted to the Pope County Quorum Court did not extend the time for the city to certify its millage rates to the county clerk. Finally, the court ruled that any issues regarding the Firemen's Pension and Retirement Board were rendered moot by the court's other rulings.

On appeal, the appellant raises three points of error: (1) the circuit court erred in finding that Resolution 875 violated article 5, section 1 of the Arkansas Constitution; (2) the circuit court erred in determining that Resolution 875 was not timely certified to the county clerk; and (3) that the court erred in failing to address its concerns regarding the Firemen's Pension and Relief Board.[2] We need not address the first and third points because, even if Resolution 875 were deemed to be a valid legislative enactment, the appellees were not required to levy and collect the millage set forth in a resolution that was not timely certified to the county clerk.

The deadline for a city council to certify a millage rate to the county clerk is set out in Ark. Code Ann. § 26-73-202 which states:

> The council of any municipal corporation may, on or before the time fixed by law for levying county taxes, make out and certify to the county clerk the rate of taxation levied by the municipal corporation on the real and personal property within the city or town. The amount so certified shall be placed upon the tax book

---

[2] The events underlying this appeal have long-since passed. Yet, the issue is not rendered moot because this is a case capable of repetition and of evading review. *Ark. Gas Consumers, Inc. v. Ark. Pub. Serv. Comm'n*, 354 Ark. 37, 118 S.W.3d 109 (2003). The limited time period during which millage rates are certified and taxes are levied and collected necessarily means that cases of this nature will never reach our court until well after the taxes for the year have been levied and collected.

by the county clerk of the county and collected in the same manner that state and county taxes are collected.

Ark. Code Ann. § 26-73-202 (Repl. 1997). The time for levying county taxes is fixed by Ark. Code Ann. § 14-14-904(b)(1) which states:

(b)  Levy of Taxes and Making of Appropriations

(1)(A)(i)  The quorum court at its regular meeting in November each year shall levy the county taxes, municipal taxes, and school taxes for the current year.

(ii)  Before the end of each fiscal year, the quorum court shall make appropriations for the expenses of county government for the following year.

(B)  The Director of the Assessment Coordination Department may authorize an extension of up to sixty (60) days of the date for levy of taxes upon application by the county judge and county clerk of any county for good cause shown resulting from reappraisal or rollback of taxes.

Ark. Code Ann. § 14-14-904(b)(1) (Supp. 2005). Thus, municipal councils are to submit their tax levies on or before the date of the county quorum court's regular meeting in November. In the instant case, the meeting was on November 4. In support of its claim, the appellant does not argue that Resolution 875 was submitted by the November meeting; instead, the appellant argues that because the quorum court received an extension of time for the county to levy taxes, the time was also extended for the municipal council to certify its millage rates.

Whether the extension granted to the county also applies to the City of Russellville is a question of statutory interpretation. The cardinal rule in construing tax legislation is that a tax cannot be imposed except by express words indicating that purpose, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer. *Leathers v. Active Realty, Inc.*, 317 Ark. 214, 876 S.W.2d 583 (1994). The agency claiming a right to tax has the burden of proving that the tax law applies to the item sought to be taxed. *Id.* Here, the statute authorizing municipal corporations to levy taxes states that the rate of taxation is to be

certified by the city council to the county clerk "on or before the time fixed by law for levying county taxes." Ark. Code Ann. § 26-73-202. The "time fixed by law," Ark. Code Ann. § 14-14-904(b)(1), is clearly the regular November meeting of the county quorum court. More importantly, the plain language of the extension statute does not attempt to modify the time for cities to certify their rate of taxation. Instead, the statute allows for the granting of extensions to *counties* "for good cause shown resulting from reappraisal or rollback of taxes." Moreover, in this case, the city council's failure to timely certify Resolution 875 was in no way related to a reappraisal or rollback of taxes. As stated above, the cardinal rule in construing tax legislation is that a tax cannot be imposed except by express words indicating that purpose, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer. *Leathers v. Active Realty, Inc.*, 317 Ark. 214, 876 S.W.2d 583 (1994). Such a strict construction of the statute compels the conclusion that the extension statute does not extend the statutory deadline for a city council to certify a millage rate to the county clerk. Ark. Code Ann. § 26-73-202.

The appellant also relies on Ark. Code Ann. § 14-14-904(b)(3) as providing the authority for the late certification of Resolution 875. Section 14-14-904(b)(3) states, "If the levy of taxes is repealed by referendum, the county may adopt a new ordinance levying taxes within thirty (30) days after the referendum vote is certified." Ark. Code Ann. § 14-14-904(b)(3) (Supp. 2005). However, this statute by its plain language only authorizes the *county* to adopt a new ordinance levying taxes after a referendum vote and does not extend such authority to the council of a municipal corporation. Thus, it cannot support the actions of the Russellville City Council in passing Resolution 875. As the Russellville City Council did not submit Resolution 875 in a timely fashion, we hold that the circuit court did not err in denying the appellant's petition for a writ of mandamus.

Appellant's third argument is that the court erred in failing to address its concerns regarding the Firemen's Pension and Relief Board. Specifically, the appellants argue that, as the Firemen's Pension and Relief Board has not chosen to participate in the litigation, it would be inequitable, absent an award of attorney's fees, to allow it to benefit from the millages in the event Resolution 875 is found to be a valid enactment. We need not

address this point because it has been rendered moot by our affirmance of the circuit court's denial of the writ of mandamus.

Affirmed.

HANNAH and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. As the majority opinion correctly points out, municipal councils are to "make out and certify to the county clerk the rate of taxation levied . . . on the real and personal property within the city" on or before the date of the county quorum court's regular meeting in November. Ark. Code Ann. § 26-73-202 (Repl. 1997). *See also* Ark. Code Ann. § 14-14-904(b)(1) (Supp. 2005). That was done in the instant case. The four tenths (.4) of a mill for the Police Retirement and Relief Fund and the four tenths (.4) of a mill for the Firemen's Retirement and Relief Fund that were to be levied as part of Resolution 870 were filed with the Pope County Clerk's office in October 2004, which was prior to the quorum court's regular meeting on November 4, 2004. Despite the fact that Resolution 870, which also included a levy of 2 mills for all city purposes, was voted down by the people on November 30, 2004, the same rate of taxation to be levied for these retirement funds was reestablished by Resolution 875, which was passed on December 16, 2004. Because § 26-73-202 requires the filing of the *rate of taxation* to be levied, and because the .4 mills for each fund was already on file with the county clerk prior to the quorum court's regular November meeting, I would hold that the statute's requirements were met and that the circuit court erred in refusing to require the appellees to levy and collect the .4 mills for each retirement fund.

In short, the *rate of taxation* for each fund was timely filed. I respectfully dissent.

HANNAH, C.J., joins this dissent.