Cite as 2024 Ark. 86

# SUPREME COURT OF ARKANSAS

No. CV-23-416

| | |
|---|---|
| HOTELS.COM, L.P.; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A CHEAPTICKETS.COM); EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); ORBITZ, LLC; PRICELINE.COM INCORPORATED (N/K/A BOOKING HOLDINGS, INC.); PRICELINE.COM, LLC; TRAVELOCITY.COM, L.P. (N/K/A TVL LP); TRAVELWEB, LLC; AND SITE59.COM, LLC<br><br>APPELLANTS<br><br>V.<br><br>PINE BLUFF ADVERTISING AND PROMOTION COMMISSION, JEFFERSON COUNTY, ARKANSAS, AND ALL OTHERS SIMILARLY SITUATED; CITY OF NORTH LITTLE ROCK, ARKANSAS, AND ALL OTHERS SIMILARLY SITUATED; AND THE STATE OF ARKANSAS<br><br>APPELLEES | **Opinion Delivered:** May 16, 2024<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-09-946]<br><br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br><br><br><br><br><br><br><br><br><br>REVERSED. |

**JOHN DAN KEMP, Chief Justice**

Appellants, a group of online travel companies ("OTCs"), appeal a series of Jefferson County Circuit Court orders finding that several Arkansas tax statutes applied to the OTCs and that the OTCs were liable for unpaid taxes under the statutes. The circuit court ordered them to pay previously unpaid taxes, plus penalties, interest, and attorneys' fees and costs. For reversal, the OTCs argue that the circuit court erred by (1) imposing the state gross receipts tax, local gross receipts tax, state tourism tax, and local tourism tax (collectively "hotel taxes") prior to the enactment of Act 822 of 2019; (2) deciding claims for which the Department of Finance

and Administration ("DF&A") had primary jurisdiction and allowing a prosecuting attorney to sue for taxes; and (3) awarding penalties. We reverse.

## I. *Facts*

In September 2009, appellees Pine Bluff Advertising and Promotion Commission and Jefferson County, Arkansas, on behalf of themselves and others similarly situated, filed this declaratory-judgment action against the OTCs. Those appellees sought a declaration that the OTCs were liable for the local gross receipts tax and local tourism tax. In April 2011, the City of North Little Rock intervened in the case on behalf of itself and other similarly situated Arkansas cities and alleged a similar declaratory-judgment claim. The circuit court granted class certification in February 2013,[1] and this court affirmed. *Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2013 Ark. 392, 430 S.W.3d 56.

Following discovery, Class A and Class B appellees (collectively, "class appellees") moved for partial summary judgment on liability, and the OTCs filed a cross-motion for summary judgment. In May 2018, the circuit court denied the OTCs' motion and granted the class appellees' motion. It found that "[t]he OTCs [were] liable for the taxes established in Ark. Code Ann. § 26-75-602(c)(1) and Ark. Code Ann. § 26-52-301(3)(A)(i) on the full gross

---

[1]The 2013 order certified the following two classes:

Class A:  All Advertising & Promotion Commissions . . . that have or have had tax ordinances pursuant to Ark. Code Ann. § 26-75-602(a)[,] (c)(1), since 1995;

    and

Class B:  All counties and cities . . . that have or have had ordinances that provide for a tax on the gross receipts from the sale at retail within the county or city of all items which are subject to the Arkansas Gross Receipts Tax Act (Ark. Code Ann. § 26-52-301), since 1995.

receipts they receive from customers[.]" It also allowed the class appellees thirty days "to petition for additional relief permissible under the law relating to past taxes owed, supplemental relief or otherwise, including but not limited to amending the Complaint." The OTCs filed a petition for writ of prohibition or certiorari in this court, challenging the circuit court's authority to proceed on damages. We denied that petition. This court also dismissed the OTCs' appeal from the May 2018 order for lack of a final order. *Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2019 Ark. 384.

In February 2020, the class appellees filed an amended and supplemental complaint requesting a judgment against the OTCs "for all unpaid taxes from 1995 to the present, plus penalties and interest" in an amount to be calculated from the OTCs' transaction data. Two months later, more than 150 advertising and promotion commissions, cities, and counties sought to intervene. The circuit court denied that motion but found that the class appellees could seek damages on their behalf. The class appellees filed a second amended and supplemental complaint and an amended petition for supplemental relief. The OTCs moved to strike and dismiss that complaint and the amended petition and moved to decertify the class for purposes of seeking damages on a class-wide basis. The circuit court denied the OTCs' motions, and this court dismissed the OTCs' appeal of those rulings for lack of a final order. *Hotels.com, L.P. v. Pine Bluff Adver. & Promotion Comm'n*, 2021 Ark. 196, 632 S.W.3d 742.

Also in February 2020, the State of Arkansas, represented by Larry Jegley in his capacity as the duly elected Sixth Judicial District Prosecuting Attorney, was granted permission to intervene in the case. The State sought a declaration that the state gross receipts tax applied to the OTCs. The State and the OTCs filed cross-motions for summary judgment on liability, and the circuit court granted the State's motion and denied the OTCs' motion. In March 2021, the

State filed a petition for supplemental relief in which it sought damages and alleged that the state tourism tax also applied to the OTCs before the governing statutes were amended in 2019. After the State and the OTCs filed cross-motions for summary judgment on state-tourism-tax liability, the circuit court entered an order in April 2022 granting the State's motion and denying the OTCs' motion.

Following mediation, the parties stipulated to the amount of taxes, interest, and penalties that would be owed by each OTC to each category of appellee. The stipulation included language that the OTCs "contest their liability under the Orders and [appellees'] entitlement to any and all of the above categories but, pursuant to this Stipulation, [the OTCs] will not contest the mathematical calculation of the amounts presented herein." In September 2022, appellees moved for summary judgment on damages, seeking more than twenty-two years' worth of unpaid taxes, interest, penalties, and attorneys' fees. The OTCs responded, maintaining that the circuit court erred in its liability finding, and objected to penalties, interest, and attorneys' fees. After a hearing, the circuit court entered an order in February 2023, awarding appellees $34,161,155 in damages and penalties, plus $11,499,292 in attorneys' fees and costs to be paid from the damages recovered from the OTCs. The OTCs timely filed their notice of appeal, and this appeal followed.

II. *Imposition of Pre-2019 Hotel Taxes on the OTCs*

For their first point on appeal, the OTCs argue that the circuit court should be reversed because it erred in finding that the pre-2019 versions of the hotel-tax statutes were applicable to them and their services. The OTCs contend that pursuant to the plain meaning of the statutes, they were not subject to the pre-2019 hotel taxes, nor did the taxes extend to the

4

services they provided. They further contend that to the extent that the statutes were ambiguous, the circuit court erred in failing to construe the statutes against taxation.

Ordinarily, on appeal from a summary-judgment disposition, the evidence is viewed in the light most favorable to the party resisting the motion, and any doubts and inferences are resolved against the moving party. *Am. Honda Motor, Co. v. Walther*, 2020 Ark. 349, at 10–11, 610 S.W.3d 633, 639. However, when parties file cross-motions for summary judgment, as was done in this case on this point, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *Id.* at 11, 610 S.W.3d at 639. As to issues of law, our review is de novo. *Id.*, 610 S.W.3d at 639.

A. The Hotel Taxes

The four hotel taxes at issue here are the state gross receipts tax, the local gross receipts tax, the state tourism tax, and the local tourism tax.[2] First, the state gross receipts tax is an excise tax of 3 percent levied on the gross proceeds or gross receipts derived from the sale of certain services, including the "[s]ervice of furnishing rooms, suites, condominiums, townhouses, rental houses, or other accommodations by hotels, apartment hotels, lodging houses, tourist camps, tourist courts, property management companies, or any other provider of accommodations to transient guests." Ark. Code Ann. § 26-52-301(3)(A)(i) (Supp. 2017). Second, the local gross receipts tax authorizes cities and counties to levy taxes on goods and services subject to the state gross receipts tax pursuant to Arkansas Code Annotated section 26-74-212 (counties) (Repl.

---

[2]The OTCs only challenge the applicability of the pre-2019 versions of hotel-tax statutes. They acknowledge hotel-tax liability after the passage of Act 822 of 2019. Thus, for purposes of this appeal, we look to the operative versions in effect prior to the 2019 amendments.

2008) and Arkansas Code Annotated section 26–75–207 (cities) (Supp. 2017). Third, the state tourism tax imposes an additional 2 percent tax on the gross proceeds or receipts derived from the sale of certain services, including "[t]he service of furnishing a . . . [g]uest room, suite, or other accommodation by a hotel, motel, lodging house, tourist camp, tourist court, property management company, or any provider of an accommodation to a transient guest." Ark. Code Ann. § 26-63-402(1)(A) (Supp. 2017). Fourth, the local tourism tax provides that local advertising and promotion commissions may tax the gross receipts or gross proceeds "from renting, leasing, or otherwise furnishing hotel, motel, house, cabin, bed and breakfast, campground, condominium, or other similar rental accommodations[.]" Ark. Code Ann. § 26-75-602(c)(1) (Supp. 2017).

## B. OTCs as Taxable Entities

In their first point on appeal, the OTCs argue that the circuit court erroneously found that they were entities subject to pre-2019 hotel taxes. They contend that the plain language of sections 26-52–301 and 26-63-402 did not include the OTCs as entities subject to taxation, and to the extent that any ambiguity existed, the circuit court erred in failing to construe the statutes against imposition of the taxes.

We review issues of statutory interpretation de novo because it is for this court to determine the meaning of a statute. *Ark. Dep't of Fin. & Admin. v. Trotter Ford, Inc.*, 2024 Ark. 31, at 8, 685 S.W.3d 889, 895. The cardinal rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.*, 685 S.W.3d at 895. When the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation. *Id.*, 685 S.W.3d at 895. In other words, when the language of the statute is not

ambiguous, the analysis need not go further, and we will not search for legislative intent; rather, the intent is gathered from the plain meaning of the language used. *Id.*, 685 S.W.3d at 895.

Statutory language is ambiguous if it is open to two or more constructions, or if it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Ark. Dep't of Corr. v. Shults*, 2017 Ark. 300, at 5, 529 S.W.3d 628, 631. When a statute is ambiguous, we must interpret it according to legislative intent, and our review becomes an examination of the whole act. *Id.*, 529 S.W.3d at 631. In conducting this review, we reconcile statutory provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Id.*, 529 S.W.3d at 631.

Further, this court strictly construes tax statutes "in limitation of the imposition of the tax," and any "doubt [shall] be resolved against the tax[.]" Ark. Code Ann. § 26-18-313(a), (f)(2) (Supp. 2017). The agency claiming a right to tax has the burden of proving that the tax law applies to the item sought to be taxed. *Leathers v. Active Realty, Inc.*, 317 Ark. 214, 216, 876 S.W.2d 583, 584 (1994). Another rule of tax-law construction is that express designation of one thing may properly be understood to exclude another. *Id.*, 876 S.W.2d at 584.

1. *Circuit court's ruling on plain meaning*

The circuit court found that, under the plain language of sections 26-52-301 and 26-63-402, the OTCs were "provider[s] of accommodations to [ ] transient guest[s]" and, thus, were entities subject to taxation under those statutes. In doing so, the circuit court rejected the OTCs' reliance on *Active Realty, Inc.*, 317 Ark. 214, 876 S.W.2d 583, in which this court addressed tax liability under a prior version of section 26-52-301. When *Active Realty* was decided, the statute did not include property-management companies, and this court held that an entity in the business of renting and managing privately owned houses and townhomes was

7

not liable for the gross receipts tax because it was not among the entities listed in the statute. Subsequently, in 1995, the legislature enacted legislation to amend the entities subject to the tax by including the "service of furnishing guest rooms, suites, or other accommodations by hotels, motels, lodging houses, tourist camps, tourist courts, property management companies or any other provider of accommodations to transient guests." Act 284 of 1995, § 2. Here, the circuit court found that "per the expansive [1995] legislative amendment, the OTCs plainly fall within entities enumerated in the statute as amended as they are plainly 'provider[s] of accommodations to [ ] transient guest[s].'"

We disagree with the circuit court's conclusion that the OTCs clearly fall within those entities listed in sections 26-52-301 and 26-63-402. The entities subject to taxation plainly included owners and managers of lodging establishments. It is not clear that accommodations intermediaries such as the OTCs were included, given that those entities were not specifically listed in sections 26-52-301 and 26-63-402 and that "any other provider of accommodations" is not statutorily defined. Accordingly, we hold that "reasonable minds might disagree or be uncertain" as to whether the OTCs constituted "any other provider of accommodations," and we must interpret the phrase according to legislative intent. *See Shults*, 2017 Ark. 300, at 5, 529 S.W.3d at 631.

## 2. *Statutory construction*

Applying our well-settled rules of statutory construction, we conclude that, for several reasons, the OTCs were not entities included in the pre-2019 versions of sections 26–52–301 and 26-63-402. First, the OTCs are not expressly listed as entities subject to those taxes. The circuit court's conclusion that the phrase "any other provider of accommodations" encompassed the OTCs is contrary to the doctrine of *ejusdem generis*, which provides that when general words

8

follow specific words in a statutory enunciation, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. *Forrester v. Daniels*, 2010 Ark. 397, at 8, 373 S.W.3d 871, 876. The preceding specific words in these statutes list only lodging establishments or entities that manage lodging establishments. The OTCs do not own, operate, or manage lodging establishments; rather, they are accommodations intermediaries.

Second, the legislature amended the state gross receipts tax and state tourism tax in 2019 to expressly include "accommodations intermediary" as a taxable entity. Act 822 of 2019, §§ 20, 25; *see* Ark. Code Ann. §§ 26-52-301(3) (Supp. 2019), 26-63-402(1)(A)(ii) (Supp. 2019). These amendments also applied to the local gross receipts tax. Ark. Code Ann. §§ 26-74-212(a), 26-75-207(e).[3] Act 822 is titled, in pertinent part, "[a]n Act . . . [t]o require an accommodations intermediary to collect and remit the sales tax and tourism tax due on arrangements the accommodations intermediary makes for the sale or use of an accommodation," and specifically, the legislature defined "accommodations intermediary" as "a person other than the owner, operator, or manager of a room[.]" Ark. Code Ann. §§ 26-52-301(3)(A)(ii) (Supp. 2019), 26-63-401(1)(B)(i) (Supp. 2019).

The legislature's addition of "accommodations intermediaries" to the list of entities subject to taxation, its definition of that group as a "person other than the owner, operator, or manager," and its decision to title Act 822 as one to require accommodations intermediaries to collect and remit sales and tourism taxes, demonstrate that accommodations intermediaries were

---

[3]The statutes governing the local tourism tax, sections 26-75-602(c)(1) and 26-75-701(a)(1), (c)(2), were not amended in 2019 and do not list entities subject to taxation. Thus, we discuss the local tourism tax below in subpart C.

newly subject to the taxes. If accommodations intermediaries had previously been subject to the taxes, then the 2019 amendments would have been unnecessary. And the legislature will not be presumed to have done a vain and useless thing. *See Phillips Petroleum v. Heath*, 254 Ark. 847, 852, 497 S.W.2d 30, 33 (1973).

Third, our interpretation is consistent with DF&A's understanding of the law as it was both before and after the 2019 amendments. Here, the record on appeal contains an internal DF&A memo from August 2015 concluding "that it would be inappropriate for DFA to join" in the current lawsuit because the law at the time did not require the OTCs to collect and remit the hotel taxes.[4] In April 2017, DF&A Revenue Legal Counsel issued a legal opinion on the taxability of hotel-related fees and OTCs and concluded that "because an OTC is not an entity falling within the statutory categories of services rendered by 'hotels, apartment hotels, lodging houses, tourist camps, tourist courts, property management companies, or any other provider of accommodations to transient guests,' it would not be subject to gross receipts and tourism tax levied on the service of furnishing rooms to transient guests." In April 2019, DF&A issued a legislative-impact statement observing that the amendments "modif[y] existing law to include 'accommodations intermediary' as an entity furnishing, making available for, or otherwise arranging for the sale or use of a room[.]"

We have said that if a statute is ambiguous, an agency's interpretation is one of the many tools we use for guidance. *Myers v. Yamato Kogyo Co., Ltd.*, 2020 Ark. 135, at 6, 597 S.W.3d 613, 617. Here, DF&A's established position—that prior to 2019, the OTCs were not entities

---

[4]This memo also concluded that the facts surrounding the OTCs were "distinguishable from the facts in *Cook v. Sears Roebuck & Co.*, 212 Ark. 308, 206 S.W.2d 20 (1947), where it was clear that excess taxes were collected and retained by the merchant."

subject to the taxes—is consistent with our reading of the statutes. Accordingly, we hold that the circuit court erred in finding that the OTCs were entities subject to the pre-2019 versions of the state and local gross receipts tax and the state tourism tax and in finding that the OTCs were liable for those taxes.[5]

## C. The OTCs' Services

The OTCs next argue that, as an additional basis for reversal, the pre-2019 versions of the hotel taxes did not apply to the services they provided. As an initial matter, we need not address the OTCs' services argument as to the state and local gross receipts tax and the state tourism tax because, pursuant to our foregoing holdings, they were not entities subject to those taxes. However, we address the services argument as to the local tourism tax because the statutes governing that tax do not include a list of entities subject to taxation.

---

[5]We are unpersuaded by appellees' arguments that we should affirm the circuit court's orders under Arkansas Code Annotated section 26-52-501(m) (Supp. 2023) or our opinion in *Cook*, 212 Ark. 308, 206 S.W.2d 20. Section 26-52-501(m) states that "[a] person that collects a tax under this chapter shall remit the tax to the state in accordance with this subchapter." The former version of that statute, section 26-52-501(k) (Supp. 2019), was part of Act 822 of 2019. *See* Act 822 of 2019, § 23. Because our analysis is confined to the gross-receipts-tax statutes prior to the 2019 amendments, appellees' reliance on section 26-52-501(m) is inapposite.

We likewise disagree with appellees' argument that, under *Cook*, this court "need not even reach the question of the application of taxes to the OTCs but can instead hold that the OTCs cannot retain Arkansas taxes they collected from customers." In *Cook*, Sears Robuck & Co. stipulated that it had been regularly collecting gross receipts taxes, pursuant to Act 386 of 1941, from customers who placed orders. 212 Ark. at 310–11, 206 S.W.2d at 21–22. Beginning in January 1945, Sears refused to remit to the State any taxes collected, and it sought to contest the legality of the tax. *Id.* at 311, 206 S.W.2d at 22. This court held that to allow a party that "actually collected" a tax, as Sears stipulated to doing, to retain the sums collected would be to completely disregard the doctrine against unjust enrichment. *Id.* at 312, 206 S.W.2d at 22. Conversely, the present case does not involve a claim of unjust enrichment or a stipulation to collected, but unremitted, taxes.

11

The local tourism tax imposes a tax on the gross receipts from "renting, leasing, or otherwise furnishing" hotel rooms, motel rooms, or similar accommodations. Ark. Code Ann. § 26-75-602(c)(1)(A). The circuit court found that the OTCs' services fit within this statute. We disagree.

In this instance, the OTCs are online technology companies that facilitate reservations between travelers and lodging establishments that supply the rooms. This service does not fit within the plain language of "renting, leasing, or otherwise furnishing" rooms. Although appellees contend that the OTCs furnish rooms to customers pursuant to their own contracts with hotels, the contracts between the OTCs and the hotels include language that the OTCs do not acquire inventories of rooms and that nothing in the contracts constitutes a sale or rental of rooms from the hotel to the OTCs. Moreover, the dictionary definition of "furnish" means "to provide with what is needed," or to "supply" or "give." *Furnish*, *[Merriam-Webster.Com](https://perma.cc/7NSM-2AP3)*, (accessed May 10, 2024) (archived at [https://perma.cc/7NSM-2AP3](https://perma.cc/7NSM-2AP3)). We view the OTCs' services as intermediary, not as actually "providing," "supplying," or "giving" rooms to guests.

The Supreme Court of Mississippi recently addressed this issue in *Priceline.com, LLC v. Fitch*, 376 So. 3d 1185, 1194 (Miss. 2023), holding that

> the nature of the OTCs' business is to provide an intermediary service between hotels and customers. The OTCs do not furnish or provide rooms for their customers. Nor do they perform any of the functions necessary to manage and operate a hotel, such as cleaning, maintenance, room service, security, laundry or other guest services. Instead, the OTCs allow customers to search for, compare and reserve accommodations. While a customer may reserve a room through an OTC, it is the physical hotel that furnishes or provides a room for the customer when they arrive. The OTCs merely provide the services that allow customers to compare hotels and reserve rooms for future use.

Similarly, in this case, the OTCs provide an intermediary service; they do not rent, lease, or furnish rooms under the plain meaning of section 26-75-602(c)(1)(A). Accordingly, we hold

that the circuit court erred in finding that the OTCs were subject to the local tourism tax prior to 2019, and we reverse the circuit court's finding on local-tourism-tax liability.

Because we reverse the circuit court's liability findings and hold that the OTCs were not liable for the pre-2019 hotel taxes, we need not address the OTCs' remaining arguments for reversal.

Reversed.

*Quattlebaum, Grooms & Tull PLLC*, by: *Steven W. Quattlebaum*, *E.B. Chiles IV*, *R. Ryan Younger*, and *S. Katie Calvert*, for appellants.

*State of Arkansas ex rel. Larry Jegley*, Special Dep. Prosecuting Att'y for the Sixth Judicial District, on behalf of William Jones, Sixth Judicial District Prosecuting Att'y.

*Thrash Law Firm, P.A.*, by: *Thomas P. Thrash* and *William T. Crowder*; *Law Office of W. Jackson Williams, PLLC*, by: *W. Jackson Williams*, for appellees Pine Bluff Advertising and Promotion Commission; Jefferson County, Arkansas; City of North Little Rock, Arkansas; and all others similarly situated.

*Linda Burgess*, Arkansas Municipal League; *Colin R. Jorgensen*, Association of Arkansas Counties, for the Arkansas Municipal League and the Association of Arkansas Counties as amici curiae on behalf of appellees Pine Bluff Advertising and Promotion Commission; Jefferson County, Arkansas; City of North Little Rock, Arkansas; and all others similarly situated.

*Wright, Lindsey & Jennings LLP*, by: *Michael A. Thompson* and *T.J. Lawhon* for Arkansas State Chamber of Commerce as amicus curiae.