2013 Ark. 124

**Brandi KERSTEN, Appellant**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 12–725.

Supreme Court of Arkansas.

March 28, 2013.

Carney Williams Bates Pulliam & Bowman, PLLC, by: Damn L. Williams, Hank Bates, Little Rock, and Kenya J. Gordon, for appellant.

Winston & Strawn, LLP, by: Thomas J. Frederick, pro hac vice pending; and Neil M. Murphy, pro hac vice pending; and Munson, Rowlett, Moore and Boone, P.A., by: John E. Moore and Beverly A. Rowlett, for appellee.

DONALD L. CORBIN, Justice.

Appellant, Brandi Kersten, appeals the order of the Ashley County Circuit Court denying class-action certification of her

counterclaim for unjust enrichment and violation of various state statutes prohibiting deceptive and unlawful business practices against Appellee, State Farm Mutual Automobile Insurance Company. The general allegation of the counterclaim is that State Farm was unjustly enriched after engaging in a deceptive and unlawful business practice intended to collect unadjudicated, potential subrogation claims as debts. Jurisdiction of this interlocutory appeal is properly in this court pursuant to Ark. R.App. P.-Civ. 2(a)(9) (2012) and Ark. Sup.Ct. R. 1–2(a)(8) (2012). We conclude that on the record here presented, the circuit court acted prematurely and without due consideration of the law and therefore abused its discretion in denying class certification at the pleading stage of this particular case. We reverse and remand for further proceedings.

■ We take this opportunity at the outset to reiterate that it is indeed possible for class-action cases to be dismissed at the pleading stage prior to class certification, for example on an Ark. R. Civ. P. 12(b)(6) motion to dismiss for failure to state facts upon which relief can be granted. *Speights v. Stewart Title Guar. Co.*, 358 Ark. 59, 186 S.W.3d 715 (2004) (*supplemental opinion on denial of reh'g* ). However, while such a determination is permissible in some cases depending on the facts, it is of course not necessarily permissible in all cases. *Foremost Ins. Co. v. Miller Cnty. Cir. Ct.*, 2010 Ark. 116, 361 S.W.3d 805. Indeed, "[t]he propriety of class action status can seldom be determined on the basis of the pleadings alone." *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir.1977). And although Rule 23(b) allows a circuit court to "determine by order" whether a case will be maintained as a class action "[a]t an early practicable time after the commencement of an action," we agree with the recent observation that dismissal of class allegations at the pleading stage should be done rarely and that the better course is to allow an appropriate period of discovery. Ark. R. Civ. P. 23(b) (2012); *see Guzman v. Bridgepoint Educ, Inc.*, No. 11CV69 WQH (WVG), 2013 WL 593431 (S.D.Cal. Feb. 13, 2013).

The present litigation commenced on June 29, 2011, when State Farm filed a complaint for negligence against Kersten alleging that she was at fault in an automobile accident with State Farm's insured that occurred on August 8, 2010, on Highway 133 in Crossett, Arkansas. On August 15, 2011, Kersten filed a counterclaim against State Farm alleging that State Farm was unjustly enriched as a result of having engaged in the deceptive and unlawful business practice of causing collection-style letters to be mailed in an attempt to collect unadjudicated, potential subrogation claims as debts. Kersten asserted her counterclaim individually and alleged that State Farm caused the McHughes Law Firm to send a letter that referred to State Farm as a creditor and referenced a balance due of $2,969.59 on Kersten's account. Kersten further alleged that this letter made no mention at all of a subrogation claim or an unadjudicated tort claim. Kersten also asserted her counterclaim on behalf of persons similarly situated. Her counterclaim identified two putative classes: a class of similarly situated residents of Arkansas, and a class of similarly situated residents of seventeen states identified as having consumer-protection statutes similar to the Arkansas Deceptive Trade Practices Act (ADTPA).

Prior to filing an answer to the counterclaim, on September 30, 2011, State Farm filed a combined motion to dismiss the counterclaim and the motion to strike the class allegations. State Farm moved to dismiss the counterclaim in its entirety with prejudice, arguing in its brief in sup-

port that count one of the counterclaim concerning the deceptive trade practice should be dismissed pursuant to Rule 12(b)(6) because the ADTPA does not apply either to insurance activities or to the practice of law, and because the counterclaim was not pleaded with the particularity required by Ark. R. Civ. P. 9(b) for allegations of fraud. Also in its brief in support, State Farm contended that count two of the counterclaim dealing with unjust enrichment should have been dismissed with prejudice because it failed to allege that Kersten conferred any benefit on State Farm. Finally, in its brief in support, State Farm argued that the class allegations should be struck pursuant to Ark. R. Civ. P. 12(f) because it was clear from the counterclaim that Rule 23's requirements of commonality, typicality, and predominance could not be met.

In January 2012, the circuit court held a hearing on State Farm's motion to dismiss and motion to strike. As requested, Kersten and State Farm filed additional briefs with the circuit court. On May 29, 2012, the circuit court entered the order appealed in this case. The particular language used in the order is essential to resolution of this appeal, and the order is therefore quoted below in its entirety:

### ORDER OF DISMISSAL

The Court dismisses Kersten's counter-claim against the Plaintiff insofar as it relates to the McHughes Law Firm and the Court further finds that Kersten's request for class certification should be denied for the reasons stated in State Farm's motion. Thus far, Kersten's attorney has not responded to the Court's February 16, 2012, letter asking Kersten to submit by affidavit support for her damage claim. The Court wanted to see if Kersten's damage claim either had any factual basis both for purposes of class certification and going forward with her personal claim against State Farm. Kersten's failure to submit an affidavit as the Court requested certainly furnishes the Court ample reason to be skeptical that Kersten herself would be a typical class member or an appropriate class member. The Court at this point will allow Kersten's personal claim against State Farm to remain, but denies her request for class certification.

Kersten's personal claim is set for pretrial on July 13, 2012, at 10:00 a.m. in the Ashley County Courthouse, Hamburg, Arkansas.

The Clerk shall mail a copy of this Order to all attorneys of record.

ORDERED this 25th day of May, 2012.

Although the circuit court's order is titled "Order of Dismissal," the only dismissal granted in the body of the order is the counterclaim "insofar as it relates to the McHughes Law Firm." As the McHughes Law Firm was not a party to this lawsuit, the order's dismissal as to the McHughes Law Firm has no effect. There is no other dismissal granted in the order, as the court was clear to point out that it would "allow Kersten's personal claim against State Farm to remain, but denie[d] her request for class certification." We therefore agree with Kersten that the ruling allowing her personal claim to proceed is tantamount to a denial of State Farm's motion to dismiss. For purposes of this interlocutory appeal then, we are left with the circuit court's ruling that Kersten's "request for class certification should be denied for the reasons stated in State Farm's motion." Thus, the order being appealed in this case is not a dismissal of the claims for deceptive trade practice and unjust enrichment, and it is not a finding that the class allegations

should be struck. Rather, the order is an outright denial of class certification, which, as previously noted, is appealable to this court as an interlocutory appeal pursuant to Rules 2(a)(9) and 1–2(a)(8).

The order appealed clearly states that class certification was denied "for the reasons stated in State Farm's motion." The "reasons stated in State Farm's motion" were that the Rule 23 factors of typicality, commonality, and predominance had not been sufficiently alleged or established. For reversal, Kersten contends that the circuit court abused its discretion in denying class certification at the pleading phase of this case, and she advances five separate arguments as to how the abuse of discretion occurred; but the argument that resolves this appeal and requires reversal is the one that corresponds to the basis on which the circuit court denied class certification, namely the Rule 23 factors of commonality, predominance, and typicality.

State Farm argued in its motion to strike the class allegations that, because the consumer-protection laws of the seventeen states identified in the counterclaim as substantially similar to the ADTPA were not in fact substantially similar, the counterclaim did not allege a common, predominate question of law. According to State Farm, because the state statutes differ with respect to their exemptions for the practice of law and for insurance activities, the application of these various state-consumer-protection laws would constitute preliminary individual issues that would defeat the predominance requirement. State Farm argued further in its motion that Kersten's injury was not typical of the putative class because she did not allege that she conferred a benefit on State Farm by remitting payment of the amount sought in the letter. Kersten argues on appeal that the circuit court erred in adopting State Farm's arguments as correct because they are not consistent with case law from this court.

◾ We agree. We first consider the typicality requirement. This court recently addressed this requirement and reiterated that the focus of the typicality requirement is on the conduct of the alleged wrongdoer giving rise to the claim rather than on the injury sustained from the conduct. This court stated as follows:

> The typicality requirement is stated in Rule 23(a): "One or more members of a class may sue or be sued as representative parties on behalf of all only if ... (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class." Ark. R. Civ. P. 23(a). The typicality requirement is satisfied if the class representative's claim arises from the same wrong allegedly committed against the members of the class. *FirstPlus Home Loan Owner 1997–1 v. Bryant*, 372 Ark. 466, 277 S.W.3d 576 (2008). Thus, a representative's "claim is typical if it arises *from the same event or practice or course of conduct* that gives rise to the claims of other class members, and if [the representative's] claims are based on the same legal theory." *Id.* at 476, 277 S.W.3d at 584 (quoting *Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 274, 954 S.W.2d 898, 904 (1997) (citing Herbert B. Newberg, *Newberg on Class Actions* § 3.13, at 166–67 (2d ed.1985))). Moreover, "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met *irrespective of varying fact patterns which underlie individual claims.*" *Id.* at 476, 277 S.W.3d at 584. Thus, when analyzing the factor of typicality, this court focuses upon the defendant's conduct

and not on the injuries or damages suffered by the plaintiffs. *Id.*

*DIRECTV, Inc. v. Murray,* 2012 Ark. 366, at 13–14, 423 S.W.3d 555, 564.

Kersten's counterclaim alleges that she received a collection—style letter issued at State Farm's request that represented an unadjudicated, potential subrogation claim as a debt she owed to State Farm as her creditor. The counterclaim thus alleged that State Farm's acts and business practices in connection with these purported collection efforts were deceptive in violation of the law. Likewise, the counterclaim alleged upon information and belief that State Farm engaged in similar deceptive and unlawful conduct with respect to the proposed class. The counterclaim then named two putative classes, a multistate class and an Arkansas class, "who have been subject to State Farm's deceptive acts and business practices in an attempt to recover on its unliquidated, potential tort claim and who remanded payment or incurred other expenses as a result of [State Farm's] deceptive acts and business practices." Kersten alleged that she incurred monthly expenses associated with hiring a credit—monitoring service. We conclude that these allegations, at this early stage of the pleading phase, sufficiently plead a course of State Farm's conduct that is typical of both Kersten and the class. And we conclude that the circuit court therefore abused its discretion in adopting the flawed reasoning State Farm asserted in its motion as to the typicality requirement being subject to determination according to the injuries sustained by the alleged wrongful conduct.

We next consider the requirements of commonality and predominance. Rule 23(a)(2) requires in pertinent part that a representative party may sue on behalf of a class only if there are "questions of law or fact common to the class."

Rule 23(b) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." All questions of law or fact raised in the litigation need not be common. *Faigin v. Diamante,* 2012 Ark. 8, 386 S.W.3d 372. The test for satisfaction of the commonality requirement is that there need be only a single issue of law or fact common to all members of the class. *Id.* "When the party opposing the class has engaged in some conduct afflicting a group that gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected." *Id.* at 5, 386 S.W.3d at 376. The starting point in examining the predominance requirement is whether a common wrong has been alleged against the defendant, or in this case the counter-defendant, State Farm. *See ChartOne, Inc. v. Raglon,* 373 Ark. 275, 283 S.W.3d 576 (2008). If a case involves preliminary, common issues of liability and wrongdoing that affect all class members, the predominance requirement of Rule 23 is satisfied even if the circuit court must subsequently determine individual damage issues in bifurcated proceedings. *Id.*

The common questions alleged in Kersten's counterclaim are as follows:

(a) whether Counter–Defendant's business practice of sending or causing to be sent collection style letters which characterized its unadjudicated insurance subrogation claim as a liquidated debt which must be immediately paid is deceptive, unfair and/or unconscionable and violates the ADTPA;

(b) whether Counter–Defendant's business practice of sending or causing to be sent collection style letters which characterized its unadjudicated insurance subrogation claim as a

liquidated debt which must be immediately paid is deceptive, unfair and/or unconscionable and violates the consumer protection statutes of the Multi–State Class states;

(c) whether Claimant and the proposed Classes are entitled to recover actual damages as a result of Counter–Defendant's deceptive, unfair and/or unconscionable business practices, and if so, the proper measuring of such damages;

(d) whether Counter–Defendant has been unjustly enriched by its deceptive acts and practices;

(e) whether Counter–Defendant[']s acts and business practices, set forth herein negatively impact the public interest; and

(f) whether Claimant and the proposed Classes are entitled to injunctive relief or other equitable relief, and if so, the nature and scope of such relief.

■ Given that at least the first two of these alleged common questions are premised on State Farm's conduct in causing to be sent to the class these letters characterizing the unadjudicated, potential subrogation claim as a liquidated debt, it is clear that the counterclaim alleges "some conduct afflicting a group that gives rise to a cause of action." *Diamante*, 2012 Ark. 8, at 5, 386 S.W.3d 372, 376. Our law is now well settled that the mere fact that individual issues and defenses may be raised by the defendant cannot defeat class certification where there are common questions concerning the defendant's alleged wrongdoing that must be resolved for all class members. *DIRECTV*, 2012 Ark. 366, 423 S.W.3d 555 (citing *FirstPlus Home Loan Owner 1997–1 v. Bryant*, 372 Ark. 466, 277 S.W.3d 576 (2008)). We conclude that the counterclaim sufficiently pleads a common question so as to survive a denial of class certification at this stage of the case. We note that our conclusion with respect to receipt of these collection-style letters is consistent with *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346 (E.D.N.Y.1997), *aff'd in part and vacated in part*, 164 F.3d 81 (2d Cir.1998) (citing cases finding that commonality was satisfied when class members asserted a claim under the Fair Debt Collection Act and were sent collection letters with similar characteristics).

As for State Farm's argument that the laws of the seventeen states are not substantially similar and therefore defeat commonality and predominance, we note that this court has previously rejected the argument that the potential application of the law of thirty-nine states relative to novation would splinter a class action into individual lawsuits such that the requirements of commonality and predominance would be defeated. *Sec. Benefit Life Ins. Co. v. Graham*, 306 Ark. 39, 810 S.W.2d 943 (1991). In addition, this court has relied on *Graham* to affirm class certification in a case where the application of laws from various states may have been required in determining the allegations of breach of express warranty, breach of implied warranty, a violation of the Magnuson–Moss Warranty Act, unjust enrichment, fraudulent concealment, damages, and restitution. *Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 285 S.W.3d 634 (2008). We conclude, therefore, that by alleging the preliminary common conduct of State Farm in causing the collection-style letters to be sent, the counterclaim here has sufficiently alleged a preliminary, common question so as to survive a predominance challenge at this stage of the pleadings, even in light of the multistate class.

■ In addition, this court has recognized that a bifurcated process of certifying a class to resolve preliminary, common

issues and then decertifying or dividing the class into subclasses is consistent with Rule 23. *DIRECTV*, 2012 Ark. 366, at 18, 423 S.W.3d 555, 566 (quoting *Farmers Union Mut. Ins. Co. v. Robertson*, 2010 Ark. 241, at 17, 370 S.W.3d 179, 189) ("We adhere to our well-settled precedent that allows class actions to be certified first when there are predominating threshold issues of liability common to the class, even though there may be individualized issues that come later requiring either the creation of subclasses or decertification altogether."). Thus, if, as the case develops below, the circuit court sees that a common question of law or fact does indeed exist and it would be beneficial to first certify a class action and then later either create subclasses or decertify, that may well occur and may be consistent with Rule 23, but that possibility does not defeat class certification at this stage. *See id.* We note that our conclusion is consistent with that of at least one other jurisdiction:

> However, at this time, on State Farm's motion to strike and dismiss, it does not appear beyond doubt that Plaintiffs cannot establish an actionable class action lawsuit. *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997). For example, Plaintiffs could possibly limit the multi-state class action to only include those states without conflicts of law, or possibly create a manageable number of sub-classes. Currently, it is unclear what state laws will be involved, or what claims will ultimately remain after the completion of class discovery.

*Rios v. State Farm Fire & Cas. Co.*, 469 F.Supp.2d 727, 741 (S.D.Iowa 2007).

In summary, we conclude that the circuit court acted without due consideration of this court's foregoing case law on typicality, commonality, and predominance and therefore abused its discretion in prematurely denying class certification at the early pleading stage of this case. We therefore reverse and remand for further proceedings to be directed at the circuit court's discretion according to Rule 23.

We are mindful that the circuit court did not engage in an analysis of all six Rule 23 factors required for class-action certification, and we cannot, therefore, do as Kersten requests and conclude for the first time on appeal that she has made a prima facie showing of all six factors. In addition, because the circuit court denied class certification outright rather than granted the motion to strike class allegations, there is no need to address Kersten's argument that the circuit court failed to apply the proper standard under Rule 12(f) to the motion to strike. Finally, our reversal on the circuit court's stated grounds renders it unnecessary to address Kersten's remaining arguments, including the timeliness of her affidavit.

Reversed and remanded.