
SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV–13–342

| | |
|---|---|
| HOTELS.COM, L.P.; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A CHEAPTICKETS.COM); TRAVELPORT LIMITED; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); LOWESTFARE.COM INC.; ORBITZ, LLC; PRICELINE.COM INC.; TRAVELOCITY.COM, L.P.; TRAVELWEB LLC; AND SITE59.COM, LLC <br><br> APPELLANTS <br><br> V. <br><br><br> PINE BLUFF ADVERTISING AND PROMOTION COMMISSION; JEFFERSON COUNTY, ARKANSAS; CITY OF NORTH LITTLE ROCK, ARKANSAS; AND ALL OTHERS SIMILARLY SITUATED <br> APPELLEES | **Opinion Delivered** October 10, 2013 <br><br> APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CV-2009-946-5] <br><br> HONORABLE ROBERT H. WYATT, JR., JUDGE <br><br><br><br><br><br><br> AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellants Hotels.com, L.P.; Hotwire, Inc.; Trip Network, Inc. (d/b/a Cheaptickets.com); Travelport Limited; Expedia, Inc.; Internetwork Publishing Corp. (d/b/a Lodging.com); Lowestfare.com Inc.; Orbitz, LLC; Priceline.com Inc.; Travelocity.com L.P.; Travelweb LLC; and Site59.com, LLC, who are online travel companies (collectively, "the OTCs"), appeal from the circuit court's order granting class certification to appellees Pine

SLIP OPINION

Bluff Advertising and Promotion Commission ("the Commission"); Jefferson County, Arkansas ("the County"); the City of North Little Rock, Arkansas ("the City"); and all others similarly situated (collectively, "the Class Representatives"). They assert two points on appeal: (1) that the circuit court abused its discretion in certifying two classes where there had been no exhaustion of administrative remedies, as required by Arkansas law, and (2) that the circuit court abused its discretion in finding that the predominance element of Arkansas Rule of Civil Procedure 23 (2013) had been satisfied, where there existed substantial variances among the ordinances at issue. We affirm the circuit court's order.

The instant appeal arises from class-action complaints brought by the Commission, the County, the City, and all others similarly situated, against the OTCs, online travel companies who market hotel rooms in Arkansas and elsewhere via the internet.[1] In their complaints, the Class Representatives alleged that the OTCs had failed to collect, or collected and failed to remit, the full amount of gross-receipts taxes imposed by the government entities on hotel accommodations.[2]

According to the pleadings filed in the circuit court, the OTCs contract with the local hotels to obtain rooms at a negotiated, discounted price. The OTCs then advertise the rooms on their websites at a price determined by the OTC. Subsequent to the reservation of a room online from the OTC, the purchaser's credit card is charged by the OTC, and the funds for

---

[1]The original complaint was filed by the Commission and the County. The City of North Little Rock, Arkansas, moved to intervene, and the circuit court granted its motion.

[2]According to the complaints, the Commission had imposed a 3% tax, the County a 1% tax, and the City a 1% tax.

SLIP OPINION

that transaction are remitted to the OTC. The OTC subsequently disburses to the hotel the amount of the negotiated, discounted price of the room plus any taxes due on that discounted amount, and the hotel in turn remits the tax amounts to the appropriate taxing entity. Any difference between the total amount paid to the hotel and the amount paid to the OTC by the purchaser is presumably retained by the OTC for facilitating the reservation.

In their complaint, the Class Representatives asserted that because the OTCs were providing services falling within their tax ordinances and the authorizing statutes, the OTCs were required to collect and remit the full amount of taxes owed on the OTC-set price for the hotel rooms, not just the tax amounts on the negotiated, discounted room price. They sought a declaratory judgment that the OTCs were in violation of the tax ordinances and authorizing statutes by failing to remit the proper amount of taxes and that the OTCs' failure to remit be deemed a debt owed to the appropriate authorities. The Class Representatives requested that the circuit court certify their claims as a class action and asserted that each of the requirements of Ark. R. Civ. P. 23 were met. The OTCs denied that the Class Representatives were entitled to any relief and denied that the claims were appropriate for class certification. They further asserted several affirmative defenses and asserted that the Class Representatives had failed to pursue administrative remedies prior to filing the lawsuit.[3]

---

[3]The OTCs had moved to dismiss the class-action complaint of the Commission and the County prior to the City's intervention. They did so based upon the Commission and County's alleged failure to exhaust their administrative remedies. The circuit court initially granted the motion, but later set aside its order of dismissal. After the initial circuit judge recused, the matter was transferred to the Honorable Robert H. Wyatt, Jr. The circuit court subsequently denied the OTCs' motion by its order of January 3, 2011, wherein it found that the Arkansas's declaratory-judgment statute, or Ark. Code Ann. § 16-111-104, explicitly

SLIP OPINION

On December 5, 2011, the Class Representatives moved for class certification. In the motion, the Commission proposed "to represent similarly situated advertising and promotion commissions (Class 'A' Members) to obtain a declaratory judgment on whether the [OTCs] are subject to the Arkansas 'Hotel Tax' arising from the 'gross receipts or gross proceeds from renting, leasing or otherwise furnishing hotel or motel . . . accommodations.' Ark. Code Ann. § 26-75-602." In turn, the County and the City proposed

> to represent a class of similarly situated Arkansas cities and counties (Class "B" Members) to obtain a declaratory judgment on whether the [OTCs] are subject to the Arkansas Gross Receipts Tax arising from the sales at retail within the cities and counties of all items which are subject to the Arkansas Gross Receipts Tax, including all sales to any person of [*sic*] the service of furnishing rooms or other accommodations by any provider of accommodations to transient guests. Ark. Code Ann. § 26-52-301.

They contended that each of Rule 23's requirements had been met and that the case was one for declaratory and injunctive relief, not involving damages.

The OTCs opposed the motion, asserting four bases for denial. First, they claimed, the Class Representatives had failed to present any evidence to satisfy the predominance requirement of Rule 23, as the Class Representatives had neglected to explain how the

---

allowed for a declaration of whether the tax statutes and ordinances at issue imposed an obligation on the OTCs to remit the amount of tax based on the actual price of the room paid to an OTC. It further found that the central issue of the litigation was whether the OTCs were subject to the tax statutes and ordinances at all, which it determined was a legal question, requiring judicial resolution, and not an administrative one. In addition, the circuit court held that the exhaustion of administrative remedies was not applicable to the case for declaratory judgment. Even were it applicable, the circuit court reasoned, exhaustion of administrative remedies was not required because administrative exhaustion would be futile, inadequate, and useless, in light of the parties' dispute over whether the OTCs were subject to the statutes and ordinances, which was a decision that should be ultimately made by the courts.

differing ordinances from around the state would not result in individual issues predominating over common questions of law or fact. Next, they contended, class certification was inappropriate because the Class Representatives and putative class members had failed to exhaust their mandatory administrative remedies. Third, the OTCs maintained, only the Arkansas Department of Finance and Administration (DFA) had standing to pursue the claims alleged by the County and the City, as DFA had sole and exclusive authority to collect, administer, and enforce the gross-receipts tax on behalf of the cities and counties. Lastly, the OTCs asserted that because DFA was currently conducting an investigation and audit of the OTCs, a class action was not the superior method for addressing the controversy.

A hearing was held on the Class Representatives' motion to certify, and on February 19, 2013, the circuit court entered its order granting the motion, wherein it made the requisite Ark. R. Civ. P. 23 findings and certified two classes:

> Class A: All Advertising and Promotion Commissions, of Arkansas cities, including the Pine Bluff Advertising and Promotion Commission that have or have had tax ordinances pursuant to Ark. Code Ann. § 26-75-602(a)(c)(1), since 1995.
>
> and
>
> Class B: All counties and cities in the State of Arkansas that have or have had ordinances that provide for a tax on the gross receipts from the sale at retail within the county or city of all items which are subject to the Arkansas Gross Receipts Tax Act (Ark. Code Ann. § 26-52-301), since 1995.

The OTCs bring the instant appeal from that order, pursuant to Ark. R. App. P.–Civ. 2(a)(9) (2013).



I. *Exhaustion of Administrative Remedies*

For its first point on appeal, the OTCs argue that the circuit court abused its discretion in certifying Classes A and B because the Class Representatives and putative class members were required to exhaust their administrative remedies before bringing suit. They contend that the Commission had, pursuant to its own ordinance, a duty to follow the administrative process in seeking to enforce and collect the instant hotel taxes. They further assert that neither the County nor the City is permitted to enforce their respective taxes, as the statutes authorizing those entities to levy the taxes vests the power to administer, collect, and enforce those taxes in DFA. They state that none of the Class Representatives have issued assessments or provided the OTCs with notices of such assessments, nor have they provided the OTCs with the opportunity for administrative hearings, and that the Class Representatives' failure to engage in these administrative actions bars their claims until they follow the required procedures. Finally, the OTCs urge, the Class Representatives' failure to exhaust their administrative remedies actually precluded the circuit court from being able to make the requisite findings under Ark. R. Civ. P. 23 as the failure to do so rendered the Class Representatives unable to establish the class-action requirements. The Class Representatives respond that the exhaustion-of-administrative-remedies issue was decided by the circuit court in its denial of the OTCs' motion to dismiss, which cannot be considered in an appeal from an order granting class certification. They further urge that the classes' claims are appropriate for declaratory judgment.

The OTCs initially argue that the circuit court abused its discretion in certifying the

SLIP OPINION

classes, where the Class Representatives and putative class members had not exhausted their administrative remedies. We have previously held that, in an interlocutory appeal from a class-certification order, we will hear only argument on whether the circuit court abused its discretion in certifying the class and finding compliance with the requirements of Rule 23. *See Arkansas State Bd. of Educ. v. Magnolia Sch. Dist. No. 14*, 298 Ark. 603, 769 S.W.2d 419 (1989). However, we have also held that a circuit court lacks jurisdiction over a suit, where a party has failed to exhaust his or her administrative remedies. *See Arkansas Dep't of Health & Human Servs. v. Smith*, 370 Ark. 490, 262 S.W.3d 167 (2007). *See also State v. Tedder*, 326 Ark. 495, 932 S.W.2d 755 (1996) (considering, in an interlocutory appeal from an order certifying a class action, whether proposed class members' failure to comply with the statutory administrative procedure, which operated to waive State's sovereign immunity to suit, precluded chancellor's jurisdiction to certify the class).

The doctrine of exhaustion of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *See Barr v. Arkansas Blue Cross & Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988) (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938)). The doctrine is, however, subject to numerous exceptions. *See id.* (citing *McKart v. United States*, 395 U.S. 185 (1969)). For example, exhaustion is not required where no genuine opportunity for adequate relief exists or where irreparable injury will result if the complaining party is compelled to pursue administrative remedies. *See id.* Exhaustion is also not required where an administrative appeal would be futile. *See id.*

7

SLIP OPINION

The Class Representatives contend that they seek merely a declaratory judgment; yet, this court has recognized that declaratory-judgment actions are intended to supplement rather than replace ordinary causes of action. *See Rehab Hosp. Servs. Corp. v. Delta-Hills Health Sys. Agency, Inc.*, 285 Ark. 397, 687 S.W.2d 840 (1985). To that end, this court requires exhaustion of administrative remedies before resorting to an action for declaratory judgment. *See id.* In this case, however, it is evident that there was no adequate administrative remedy available.

## A. The Commission

With regard to the Commission, Ark. Code Ann. § 26-75-603 (Repl. 2008) authorizes the levying city to adopt ordinances consistent with and in similar form to the Arkansas Tax Procedure Act, to enable its advertising and promotion commission to "enforce the [gross-receipts] tax through examination of records, notices of proposed and final assessment, and administrative hearings on proposed assessments."[4] Ark. Code Ann. § 26-75-603(c). The City of Pine Bluff did so in Code of Ordinances, City of Pine Bluff, § 13-47. Pursuant to the ordinance, the Commission is charged with the administration and enforcement of its gross-receipts tax. The OTCs seem to suggest that the Commission was required "to follow the administrative process within its own ordinance," by actually assessing the OTCs with a tax, before the Commission was allowed to file an action for declaratory judgment as to the legality of the tax it wished to assess. We disagree.

---

[4]The gross-receipts tax itself is authorized by Ark. Code Ann. § 26-75-602 (Supp. 2009).

The rule is indeed well established that a litigant must exhaust his or her administrative remedies before instituting litigation to challenge the action of the administrative agency. *See Consumers Co-op. Ass'n v. Hill*, 233 Ark. 59, 342 S.W.2d 657 (1961). In other words, where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts. *See* 2 Am. Jur. 2d *Administrative Law* § 474 (2013). Here, however, the Commission is in no way a plaintiff for whom relief is available from an administrative agency. It *is*, in effect, the agency, and it should be permitted to seek a legal declaration as to whether its tax is applicable to a certain business or includes certain business transactions before actually assessing the tax against a business. Simply put, the doctrine of exhaustion of administrative remedies had no application to the Commission and its request for a declaratory judgment in the instant case.

## B. The County and the City

Turning to the County and the City, Jefferson County's gross-receipts tax is authorized by Ark. Code Ann. § 26-74-212 (Repl. 2008) and is administered and enforced by DFA according to the penalties and procedures set forth in the Arkansas Tax Procedure Act. *See* Ark. Code Ann. §§ 26-74-214 (Supp. 2009); 26-74-216 (Repl. 2008). The City of North Little Rock's gross-receipts tax is authorized by Ark. Code Ann. § 26-75-207 (Supp. 2009), and, like the County's, is administered and enforced by DFA. *See* Ark. Code Ann. § 26-75-214 (Repl. 2008); 26-75-219 (Repl. 2008).

While there is indeed an administrative remedy outlined in the Arkansas Tax Procedure Act, it provides a remedy solely to a taxpayer seeking administrative relief from a

SLIP OPINION

proposed assessment of taxes or from a denial of a claim for refund. *See* Ark. Code Ann. § 26-18-404 (Supp. 2009). "Taxpayer," as defined by the Act, means:

> (A)    Any person subject to or liable for any state tax;
> (B)    Any person required to file a return, to pay, or to withhold and remit any tax required by the provisions of any state tax law;
> (C)    Any person required to obtain a license or a permit or to keep any records under any state tax law; or
> (D)    Any person who files a return and pays a reported tax without regard to whether he or she was required to file the return.

Ark. Code Ann. § 26-18-104(16) (Supp. 2009). In the instant case, the County and the City are the levying authorities of the tax, who seek a declaration of whether their respective tax ordinances apply to the OTCs and encompass their business transactions. As the only administrative remedy pointed to by the OTCs is for taxpayers, it is clear that any request by the County and City to DFA for such a declaration would have been futile because such a remedy was simply not available. This court has recognized that inadequate or futile administrative remedies need not be exhausted before other remedies are pursued. *See Cummings v. Big Mac Mobile Homes, Inc.*, 335 Ark. 216, 980 S.W.2d 550 (1998). To that end, when a plaintiff prays for relief that is clearly not available at the administrative level, exhaustion of other available administrative remedies is not required. *See id.* Accordingly, no exhaustion of administrative remedies was required by the County and City before filing the instant class action for declaratory judgment.

Because the doctrine of exhaustion of administrative remedies had no application to the Commission or the County and City, we decline to address the OTCs' argument that the Class Representatives' failure to exhaust rendered them unable to establish the class-action

SLIP OPINION

requirements under Ark. R. Civ. P. 23.

## II. *Predominance*

For their second point on appeal, the OTCs argue that the circuit court abused its discretion in finding that the predominance requirement for class actions was satisfied because any decision for the Commission or the County and City on their claims would do little to resolve the OTCs' liability to other class members in light of the differences among the various ordinances. They assert that, while the Class Representatives claim that most of the ordinances have similar language, a review of the ordinances would reveal that there exist many differences that would be unquestionably relevant in determining whether the ordinances apply to the OTCs. As further evidence of relevant differences, the OTCs contend that the Class Representatives have failed to establish that the ordinances for which they seek to impose liability on the OTCs were even in existence and enforceable for the entire class period. Because of such differences, the OTCs aver, the Class Representatives have failed to identify any common standard that could be used to determine liability on a class-wide basis, and the circuit court abused its discretion in finding that the predominance requirement was satisfied. The Class Representatives counter that all of the ordinances relating to Class A, or the commissions, contain almost identical language, as do the enacted ordinances relating to Class B, the counties and cities. They contend that, even if minor word variations do exist in a few ordinances, such individual issues do not defeat class certification.

Our law is well settled that the six requirements for class-action certification as stated in Rule 23 are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5)

SLIP OPINION

predominance, and (6) superiority. *See DIRECTV, Inc. v. Murray*, 2012 Ark. 366, ___ S.W.3d ___. In reviewing a circuit court's decision to grant or deny class certification, we give circuit courts broad discretion and reverse only when the appellant can demonstrate an abuse of discretion. *See id.* When reviewing a circuit court's class-certification order, we review the evidence contained in the record to determine whether it supports the circuit court's decision. *See id.* Neither this court nor the circuit court delves into the merits of the underlying claims at this stage, as the issue of whether to certify a class is not determined by whether the plaintiff has stated a cause of action for the proposed class that will prevail. *See id.* On this point, this court has explained that a circuit court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action. *See id.* This court thus views the propriety of a class action as a procedural question. *See id.*

Here, the OTCs take issue only with the circuit court's finding of predominance. We have held that the starting point in examining the issue of predominance is whether a common wrong has been alleged against the defendant. *See Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. If a case involves preliminary, common issues of liability and wrongdoing that affect all class members, the predominance requirement of Rule 23 is satisfied even if the circuit court must subsequently determine individual damage issues in bifurcated proceedings. *See id.* We have recognized that a bifurcated process of certifying a class to resolve preliminary, common issues and then decertifying the class to resolve individual issues is consistent with Rule 23. *See id.* In addition, we have said that

> [t]he predominance element can be satisfied if the preliminary, common issues may be resolved before any individual issues. In making this determination, we do not merely

12

SLIP OPINION

compare the number of individual versus common claims. Instead, we must decide if the issues common to all plaintiffs "predominate over" the individual issues, which can be resolved during the decertified stage of bifurcated proceedings.

*United Am. Ins. Co. v. Smith*, 2010 Ark. 468, at 11, 371 S.W.3d 685, 693 (quoting *Georgia-Pacific Corp. v. Carter*, 371 Ark. 295, 301, 265 S.W.3d 107, 111 (2007)).

The circuit court found that the requirement of predominance was satisfied, stating in relevant part:

> The common questions set forth in the commonality analysis clearly predominate throughout the class. . . . A resolution of the common issues will resolve the liability of Defendants to all Class Members for both Class A and Class B. These common issues will not depend upon any individual issue of a Class Member.

It concluded that for Class A, the commissions, some of the common issues to be resolved were whether the OTCs were receiving gross receipts or gross proceeds from

> "renting, leasing, or otherwise furnishing hotel, motel . . . accommodations," within the meaning of the Hotel Tax Statute and thus whether they are subject to the statute which creates and provides for the Hotel Tax (Ark. Code Ann. § 26-75-602); and . . . whether the OTCs have a legal duty to collect and remit the Hotel Tax on the gross proceeds or gross receipts charged the consumer (retail room price) rather than the discounted room rate the OTCs negotiate and pay to the hotel (wholesale room price).

As to Class B, the counties and cities, the circuit court found that some of the common issues to be resolved were (1) whether the OTCs received gross proceeds or gross receipts derived from the sale to any person in the service of furnishing rooms; (2) whether the OTCs were "providers of accommodations to transient guests," within the meaning of the Gross Receipts Tax Act, and "thus, whether they are subject to the statute which creates and provides the Gross Receipts Tax," Ark. Code Ann. § 26-52-301 (Supp. 2009); and (3) whether the OTCs had a legal duty "to collect and remit the Gross Receipts Tax on the gross proceeds or gross



receipts charged the consumer (retail room price), rather than the discounted room rate" negotiated by the OTCs and paid to the hotel.

This court has observed that, in considering the requirement of predominance, the question is whether there are overarching issues that can be addressed before resolving individual issues. *See FirstPlus Home Loan Owner 1997-1 v. Bryant*, 372 Ark. 466, 277 S.W.3d 576 (2008). We hold that there are in the instant case. Even if the ordinances of the commissions, counties, and cities contain any variances as is claimed by the OTCs, each ordinance was derived from the same respective statutes—Ark. Code Ann. § 26-75-602 for the commissions and Ark. Code Ann. § 26-52-301 for the counties and cities—and enacted as a result of the same legislative authority permitting the adoption of ordinances to levy such taxes. Therefore, a declaratory judgment as to whether the OTCs' business transactions fall within the scope of sections 26-75-602 and 26-52-301's statutory language is an overarching issue that can be resolved before a determination of whether the respective ordinances of each commission, county, or city contain the same language as the statutes on which they are premised. As we have said time and time again, the mere fact that individual issues or defenses may be raised regarding the recovery of individual class members cannot defeat class certification where there are common questions that must be resolved for all class members. *See, e.g.*, *Kersten v. State Farm Mut. Auto. Ins. Co.*, 2013 Ark. 124, ___ S.W.3d ___; *Arkansas Media, LLC v. Bobbitt*, 2010 Ark. 76, 360 S.W.3d 129; *Union Pac. R.R. v. Vickers*, 2009 Ark. 259, 308 S.W.3d 573; *The Money Place, LLC v. Barnes*, 349 Ark. 518, 78 S.W.3d 730 (2002). For these reasons, we find no merit in the OTCs' argument that the element of predominance

was not satisfied, and we affirm the circuit court's order granting class certification.

Affirmed.

*Quattlebaum, Grooms, Tull & Burrow, PLLC*, by: *Steven W. Quattlebaum* and *Chad W. Pekron*, for appellants.

*Thrash Law Firm, P.A.*, by: *Thomas P. Thrash*;
*Ward & Smith, P.A.*, by: *Hugh Overholt*;
*John A. Davis, III, P.A.*, by: *John A. Davis, III*; and
*Jack McNulty*, for appellees.