Cite as 2019 Ark. 384

# SUPREME COURT OF ARKANSAS

**No.** CV-18-668

| | |
|---|---|
| HOTELS.COM, L.P.; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A/ CHEAPTICKETS.COM); EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); ORBITZ, LLC; PRICELINE.COM INCORPORATED (N/K/A BOOKING HOLDINGS INC.); PRICELINE.COM, LLC; TRAVELOCITY.COM L.P. (N/K/A TVL LP); TRAVELWEB LLC; AND SITE59.COM LLC | **Opinion Delivered** December 12, 2019<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-09-946]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>DISMISSED. |
| APPELLANTS | |
| V. | |
| PINE BLUFF ADVERTISING AND PROMOTION COMMISSION; JEFFERSON COUNTY, ARKANSAS; CITY OF NORTH LITTLE ROCK, ARKANSAS; AND ALL OTHERS SIMILARLY SITUATED | |
| APPELLEES | |

**RHONDA K. WOOD, Associate Justice**

The online travel companies, Hotels.com, L.P., Hotwire, Inc., Trip Network, Inc. (d/b/a Cheaptickets.com), Expedia, Inc., Internetwork Publishing Corp. (d/b/a Lodging.com), Orbitz, LLC, priceline.com Incorporated (n/k/a Booking Holdings Inc.), priceline.com LLC, Travelocity.com L.P. (n/k/a TVL LP), Travelweb LLC, and Site59.com LLC (collectively, the OTCs), appeal the circuit court's order denying their

motion for summary judgment and granting appellees'[1] motion for partial summary judgment. We dismiss the appeal for lack of a final order.

Appellees' class-action complaint against the OTCs alleges that the OTCs had failed to collect, or collected and failed to remit, the full amount of gross-receipts taxes imposed by the government entities on hotel accommodations. The circuit court granted class certification, and this court affirmed that decision. *Hotels.com, L.P. v. Pine Bluff Ad. & Promotion Comm'n*, 2013 Ark. 392, 430 S.W.3d 56.

Following fact discovery, the appellees moved for partial summary judgment on the issue of liability, and appellants filed a cross-motion for summary judgment. The circuit court granted appellees' motion and denied appellants' motion. The circuit court concluded that the OTCs are liable for the taxes on the full gross receipts they receive from customers. The order further states that appellees may "petition for additional relief permissible under the law relating to past taxes owed, supplemental relief, or otherwise." It also indicates that the court will then determine whether such supplemental relief is justified, providing, "If the Court rules that supplemental relief shall be granted the OTCs have 30 days to provide all transaction data for the named class members." Lastly, the circuit court's order states,

> This preliminary order is not final and will be held open consistent with and to allow for further development of these proceedings consistent with the steps outlined above. This Court accordingly retains jurisdiction to determine any and all further and supplemental relief appropriate.

An order is not final if it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties unless the circuit court enters a Rule 54(b) certification.

---

[1]Appellees are Pine Bluff Advertising and Promotion Commission, Jefferson County, Arkansas, the City of North Little Rock, Arkansas, and all others similarly situated.

Ark. R. App. P.–Civ. 2(a); *McKinney v. Bishop*, 369 Ark. 191, 252 S.W.3d 123 (2007). "An order which establishes a plaintiff's right to recover, but leaves for future determination the exact amount of damages, is not final." *Keith v. Barrow-Hicks Extensions of Water Imp. Dist. No. 85*, 275 Ark. 28, 31, 626 S.W.2d 951, 953 (1982); *see also U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 374 (2003).

Here, the circuit court specifically stated that its order is preliminary and that it was retaining jurisdiction to develop and determine the appropriate relief, and it did not enter a Rule 54(b) certification. Therefore, this is not a final order, and we dismiss the appeal.

Dismissed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting**. I dissent. The majority is correct insofar as the order appealed from lacks a Rule 54(b) certificate and contemplates future litigation for calculation of damages. Generally speaking, this does not qualify as a final, appealable order. However, halting the analysis there ignores the history of this matter and amounts to an unjust result. The doctrine against inconsistent positions should hold the appellees to their original pleadings in this matter, which did not contain a request for damages. Therefore, the circuit court's decision to grant the declaratory relief that was actually requested in appellees' complaint amounts to a final order that should be reviewed now.

Before this appeal, appellees had *repeatedly* represented that they were not seeking damages in this matter. Appellees' complaint, titled "Complaint—Class Action for Declaratory Relief," contained no prayer for damages. Appellants filed a motion to dismiss

arguing that appellees had failed to exhaust what they contend are mandatory administrative procedures for collecting the taxes at issue. In response, appellees categorically denied seeking damages:

> Now, this lawsuit is not a tax collection lawsuit. It is not ... seeking monetary damages. This is a declaratory judgment act [sic] simply on whether the tax ordinances even apply . . . .
>
> [N]owhere in the complaint do we ask for a damage award by this court and that's not what we're here for . . . .

The circuit court relied upon these representations by appellees in its order denying appellants' motion to dismiss:

> This is a dispute over whether the Defendants are subject to the Hotel Tax[es] . . . and not a dispute over the amount of tax owed.
>
> . . . .
>
> The Complaint for declaratory relief does not seek entry of a money judgment for unpaid Hotel Taxes.

Appellees made similar representations to both the circuit court and to this court at the class-certification stage. The representation that appellees "seek merely a declaratory judgment" (*Hotels.com, LP v. Pine Bluff Advert. & Promotion Comm'n*, 2013 Ark. 392, at 8, 430 S.W.3d 56, 61) and not damages supplied at least part of the basis for this court's decision to affirm the circuit court's class-certification order:

> [The Pine Bluff A&P] should be permitted to seek a legal declaration as to whether its tax is applicable to a certain business or includes certain business transactions before actually assessing the tax against a business. Simply put, the doctrine of exhaustion of administrative remedies had no application to the Commission and its request for a declaratory judgment in the instant case.
>
> . . . .

> Accordingly, no exhaustion of administrative remedies was required by the County and City before filing the instant class action for declaratory judgment.

*Id.* at 9, 10, 430 S.W.3d at 61, 62.

So, when the circuit court later granted appellees' motion for summary judgment on the merits, concluding that appellants are in fact subject to the taxes at issue, that decision should have been ready for appellate review. There was no other issue asserted in the pleadings for the circuit court to address. Instead, the circuit court labeled its summary judgment order (which was actually drafted by appellees for the circuit judge's signature) as "not final" and detailed several more hoops for the parties to jump through—namely, giving appellees thirty days to amend their petition to now seek damages; giving appellants thirty days to provide transactional data to calculate "damages" owed to appellees; giving notice to all 200 class members of a right to "intervene for the purpose of determining damages"; requiring appellants to then provide transactional data to any class members which intervene; and requiring the parties to "proceed with mediation[.]"

Under the doctrine against inconsistent positions, "[a] litigant is not permitted to assume wholly inconsistent positions on the same issue in the same case." *MacSteel Div. of Quanex v. Ark. Okla. Gas Corp.*, 363 Ark. 22, 36–37, 310 S.W.3d 878, 886 (2005); *Int'l Harvester Co. v. Burks Motors, Inc.*, 252 Ark. 816, 822, 481 S.W.2d 351, 355 (1972). This court has said that "[t]he doctrine against inconsistent positions is much broader than judicial estoppel" and exists to prevent litigants from "playing fast and loose with the courts." *Dupwe v. Wallace*, 355 Ark. 521, 531, 140 S.W.3d 464, 470 (2004); *Nat'l Enters., Inc. v. Lake Hamilton Resort, Inc.*, 355 Ark. 578, 588, 142 S.W.3d 608, 614 (2004).

Appellants have been defending this lawsuit, which raises novel questions that would always require final adjudication by this court, for nine years and likely at great expense. To be clear, every party, including a municipal entity like any of the appellees, deserves its day in court. But with all due respect to those involved in this case, its history reflects an effort to force a settlement before the actual merits of the case ever receive appellate review. Appellees have received the relief requested in their complaint: a legal declaration that appellants are subject to the taxes. Now is the time for appellate review of that decision. If it holds up, appellees can file a collection suit. If it does not, then appellees were never entitled to recover in the first place. But simply delaying review of the merits only strings out this litigation further, increasing costs to the defendants and thereby increasing the pressure to just settle the case instead of waiting for this court to review it. In this particular case, unequivocally disavowing and then later asserting a claim for damages is "playing fast and loose with the courts," the kind of manipulative tactic that this court should deter. The proper resolution of this matter would be to simply hold appellees to their pleadings and address the merits of appellants' appeal.

I dissent.

*Quattlebaum, Grooms & Tull PLLC*, by: *Steven W. Quattlebaum* and *Chad W. Pekron*, for appellants.

*Thrash Law Firm, P.A.*, by: *Thomas P. Thrash*; and *Williams & Anderson PLC*, by: *W. Jackson Williams*, *Peter G. Kumpe*, and *Heather G. Zachary*, for appellees.