Cite as 2021 Ark. 196

# SUPREME COURT OF ARKANSAS

No. CV-20-663

| | |
|---|---|
| HOTELS.COM, L.P.; HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A CHEAPTICKETS.COM); EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM); ORBITZ, LLC; PRICELINE.COM INCORPORATED (N/K/A BOOKING HOLDINGS INC.); PRICELINE.COM LLC; TRAVELOCITY.COM L.P. (N/K/A TVL LP); TRAVELWEB LLC; AND SITE59.COM LLC<br><br>APPELLANTS<br><br>V.<br><br>PINE BLUFF ADVERTISING AND PROMOTION COMMISSION; JEFFERSON COUNTY, ARKANSAS; CITY OF NORTH LITTLE ROCK, ARKANSAS; AND ALL OTHERS SIMILARLY SITUATED; AND THE STATE OF ARKANSAS<br><br>APPELLEES | Opinion Delivered: October 28, 2021<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-09-946]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br><br><br><br>APPEAL DISMISSED. |

**ROBIN F. WYNNE, Associate Justice**

Defendants in this long-running class-action case, certain online travel companies (the

OTCs),[1] appeal the Jefferson County Circuit Court's orders denying intervention to 159

---

[1]Appellants are Hotels.com, L.P.; Hotwire, Inc.; Trip Network, Inc. (d/b/a Cheaptickets.com); Expedia, Inc.; Internetwork Publishing Corp. (d/b/a Lodging.com); Orbitz, LLC; priceline.com Incorporated (n/k/a Booking Holdings Inc.); priceline.com LLC; Travelocity.com L.P. (n/k/a TVL LP); Travelweb LLC; and Site59.com LLC.

taxing jurisdictions and denying the OTCs' motion for decertification of any "damages class." They present the following points on appeal: (1) the circuit court lacks jurisdiction to award class-wide damages because there has been no exhaustion of mandatory administrative remedies; (2) the circuit court abused its discretion by failing to follow the requirements of Rule 23; and (3) the circuit court abused its discretion by holding that Rule 23's requirements were satisfied to allow certification of any damages issues and claims. We dismiss the appeal for lack of a final or otherwise appealable order.

I. *Procedural History*

On September 25, 2009, appellees Pine Bluff Advertising and Promotion Commission and Jefferson County, Arkansas, on behalf of themselves and others similarly situated, filed this declaratory-judgment action against the OTCs. Later, appellee the City of North Little Rock was permitted to intervene on behalf of itself and other similarly situated Arkansas cities. Essentially, appellees alleged that the OTCs failed to remit the full amount of taxes imposed by the appellee government entities on hotel accommodations, which the OTCs obtained at discounted rates and then sold to consumers at a higher retail rate. The circuit court granted class certification pursuant to Arkansas Rule of Civil Procedure 23, and this court affirmed. *Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2013 Ark. 392, 430 S.W.3d 56.

After this court affirmed the class-certification order, the parties filed cross-motions for summary judgment. In May 2018, the circuit court denied the OTCs' motion for summary judgment and granted appellees' motion for summary judgment. The court ruled

2

that the OTCs' full gross receipts they receive from customers, including service fees, are subject to the applicable taxes. The circuit court also ruled that the named class members would have thirty days from the date of the order "to petition for additional relief permissible under the law relating to past taxes owed, supplemental relief or otherwise, including but not limited to amending the Complaint." The OTCs filed a petition for writ of prohibition or certiorari in this court, arguing that the circuit court lacked the authority to order additional proceedings on damages. (Case No. CV-18-455.) This court denied the petition. The OTCs also appealed from the summary-judgment order. This court dismissed that appeal for lack of a final order. *Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2019 Ark. 384.

In February 2020, appellee the State of Arkansas's motion to intervene was granted. Around that same time, appellees filed an amended and supplemental complaint requesting, in light of the declaratory-judgment determination, a judgment against the OTCs "for all unpaid taxes from 1995 to the present, plus penalties and interest" in an amount to be calculated from the OTCs' transaction data. The named class members also filed a petition for supplemental relief. Numerous advertising and promotion commissions, cities, and counties—159 taxing jurisdictions total—then sought to intervene, but in July 2020, the circuit court denied intervention based on its findings that joinder is "impractical" and that the class representatives adequately represent the claims of all parties seeking intervention. Also in July 2020, appellees filed a second amended and supplemental complaint, along with an amended petition for supplemental relief. The OTCs filed a motion for clarification of

3

the order denying intervention, requesting that the circuit court clarify that the order does not allow for damages on a class-wide basis, amend the order to remove the language suggesting a damages class is certified, and decertify as to any claimed right of the named plaintiffs to seek damages on a class-wide basis. In September 2020, the circuit court entered an order (1) denying the OTCs' requests for clarification and amendment of the order and (2) ordering response and reply briefs regarding the request for decertification of any damages class. The OTCs filed a notice of appeal and amended notice of appeal from the July and September 2020 orders.

Meanwhile, the proceedings continued in the circuit court. After considering the parties' briefs and holding a hearing, the circuit court entered an order in November 2020 denying the OTCs' combined (1) motion to dismiss and strike plaintiffs' second amended complaint and (2) motion to dismiss and response to plaintiffs' amended petition for supplemental relief and the OTCs' motion for decertification. The OTCs filed a notice of appeal from the November order.

On appeal, the OTCs ask this court to "reverse the Circuit Court's decision to certify class damages issues and claims through its July, September, and November 2020, orders and remand with appropriate instructions."

## II. *Is There an Appealable Order?*

Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Mktg., Inc.*, 2012 Ark. 76, at 2 (citing *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005)). It is undisputed that

4

there is no final order in this case, nor was a Rule 54(b) certification filed by the circuit court.

This court recently stated:

> We have explained that Rule 2 of the Arkansas Rules of Appellate Procedure–Civil requires that a judgment or decree be final for it to be appealable, with limited exceptions, and the purpose of this rule is to avoid piecemeal litigation. When no final or otherwise appealable order is entered, this court lacks jurisdiction to hear the appeal.

*State ex rel. Rutledge v. Purdue Pharma L.P.*, 2021 Ark. 133, at 7–8, 624 S.W.3d 106, 110 (internal citations omitted).

Here, we must determine whether the orders being appealed fall within one of the limited exceptions to the general rule that a judgment or order must be final to be appealable.[2] The OTCs rely on Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure–Civil. Rule 2(a)(9) provides that an appeal may be taken from a circuit court to this court from "[a]n order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure." The OTCs assert that this appeal is proper under Rule 2(a)(9) because it involves newly certified damages issues and claims. They cite *Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, 381 S.W.3d 21, and *Farm Bureau Policy Holders v. Farm Bureau Mutual Insurance Co.*, 335 Ark. 285, 984 S.W.2d 6 (1998), for the proposition that permitting a new issue after certification might lead to a successive interlocutory appeal challenging class certification. In those cases, however, the trial courts

---

[2]We previously denied appellees' motion to dismiss this appeal. However, we are not limited by that presubmission decision. *See Ligon v. Bloodman*, 2021 Ark. 124 (explaining that an appellate court may deny a presubmission motion but grant the motion following submission and a thorough examination of the complete record on appeal).

struck pleadings that were amended after class certification and clearly alleged entirely new claims or issues. Here, the circuit court permitted the amended pleadings, and the parties dispute whether the request for damages impermissibly raises a new issue.

Despite the OTCs' characterization of the circuit court's actions, there is no class certification at issue in the present appeal. The circuit court denied a motion to intervene and the OTCs' motion to dismiss and motion to decertify, none of which are appealable by the OTCs on an interlocutory basis. Furthermore, the fact that a significant issue may be involved is not sufficient, in itself, for the appellate court to accept jurisdiction of an interlocutory appeal. *See Ford Motor Co. v. Harper*, 353 Ark. 328, 330, 107 S.W.3d 168, 169 (2003).

Based on the above, we conclude that the orders the OTCs are attempting to appeal are not appealable on an interlocutory basis.

Appeal dismissed.

*Quattlebaum, Grooms & Tull PLLC*, by: *Steven W. Quattlebaum*, *R. Ryan Younger*, and *J. Leon Holmes*, for appellants.

*Thrash Law Firm, P.A.*, by: *Thomas P. Thrash* and *Will T. Crowder*; and *Law Offices of W. Jackson Williams, PLLC*, by: *W. Jackson Williams*, for appellants Pine Bluff Advertising and Promotion Commission; Jefferson County, Arkansas; City of North Little Rock, Arkansas, and all others similarly situated.

*Larry Jegley*, Pulaski County Prosecuting Attorney, for appellee State of Arkansas.